DUNDEE MORTGAGE & TRUST INVESTMENT CO. v. HUGHES.

(Circuit Court, D. Oregon. December 23, 1896.)

Nos. 991, 1,198.

CORPORATIONS—DISSOLUTION—ABATEMENT OF SUITS.

Under the statute of Oregon (Hill's Ann. Laws, § 3233), providing that corporations, after their dissolution, shall continue to exist for five years, for the purpose of prosecuting or defending suits. etc., a corporation, at the expiration of such five years, becomes absolutely defunct, and a suit, commenced by it before its dissolution, abates.

J. W. Whalley and L. L. McArthur, for plaintiff.
Ellis G. Hughes, in pro. per.

GILBERT, Circuit Judge. The issues in this case were made, and the case was ready for trial, in the year 1886. On May 6, 1896, the defendant obtained leave to file an amended answer. Instead of filing an amended answer, he filed, under the name of an amended answer, a supplemental answer, in the nature of a plea in abatement, alleging that in the year 1889 the plaintiff was duly and regularly wound up, dissolved, and discontinued its corporate existence, and lost its corporate powers, further or otherwise than might be necessary to wind up its affairs, and that, at the present date, the said corporation has no legal existence. The plaintiff thereupon moved to strike the so-called amended answer from the files, for the reason that it is not an answer to the merits of the controversy, and is not an amended answer such as was contemplated in the order permitting it to be filed.

There can be no doubt that, without the permission of the court, the defendant had the right to file this plea, which has the effect of a plea of nul tiel corporation, alleging matters occurring after the commencement of the action, and that he could do so whenever the

facts on which it is based came to his knowledge. Upon the argument the motion was treated as a demurrer to the supplemental answer, and the question presented is whether or not it alleges matter which may be pleaded in abatement of the action. The plaintiff is a foreign corporation, having its principal office at Dundee, in Scotland. The law of Great Britain and Ireland in regard to the powers of corporations after dissolution is not pleaded. It must be presumed, for the purposes of the demurrer, that the law applicable to the question is the law of the state of Oregon. By the common law an action by or against a corporation abates with its dissolution. Chair Co. v. Kelsey, 23 Kan. 632; In re Norwood, 32 Hun, 196; Exporting Co. v. Gano, 13 Ohio, 270; May v. Bank, 2 Rob. (Va.) 56. In many of the states the common law has been changed by statutes providing either for the appointment of trustees or receivers to close out the affairs of corporations after their dissolution, or providing that the existence of corporations shall be extended, for a fixed period after dissolution, for the purpose of winding up their own business. Of the latter class is the Oregon statute, which declares that all corporations after their dissolution shall—

"Continue to exist as bodies corporate for a period of five years thereafter if necessary for the purpose of prosecuting or defending actions, suits or proceedings, by or against them, settling their business, disposing of their property and dividing their capital stock, but not for the purpose of continuing their corporate business." Hill's Ann. Laws Or. § 3233.

In some of the states where the corporate existence is so extended by statute, express authority is given to prosecute to a final judgment all actions begun by the corporation within the limited period. Bank v. Cooper, 36 Me. 179; Lumber Co. v. Ward (W. Va.) 3 S. E. 227. Under such a law was decided the case of Bewick v. Harbor Co., 39 Mich. 700, which is cited by counsel for the plaintiff. In that case the court held that the corporation might prosecute to a close any action commenced within the three-year period of limitation fixed by the statute, but in so holding gave effect to another provision of the law upon the same subject, which provided that no such suit, once commenced, should become abated at any time until brought to a close. There is no such or similar provision in the Oregon law. The statute of this state gives a bare extension of life for a fixed period after the dissolution of the corporation. Without the statute, as we have seen, by the common law, all corporations were defunct from the moment of their dissolution. The statute extends their existence for a further period for a stated purpose. At the expiration of that period it is the logic of the common-law rule that the corporation is as absolutely defunct as it would have been in the first instance had not its life been prolonged by the intervention of the statute. The supreme court of Massachusetts has held that a judgment recovered against a corporation after the expiration of a similar period of limitation is absolutely void. Thornton v. Freight Co., 123 Mass. 32.

Counsel for plaintiff rely upon the language of the plea, in which it is alleged that the corporation ceased to exist "further than might be necessary to wind up its affairs." To this it may be said that, if

the long delay in bringing this cause on for trial was a necessary incident to difficulties met in winding up the company's affairs, it is not made apparent by anything in the record. If such necessity existed, and if, under the laws of Great Britain and Ireland, the plaintiff corporation is still in existence for the purpose of closing up its affairs, it can avail itself of those facts in a replication to the plea. The motion to strike out the answer will be denied.