## J. D. MacRae v. The Kansas City Piano Company.

### No. 12,246. (68 Pac. 54.)

#### SYLLABUS BY THE COURT.

1. EVIDENCE—*Objection to Deposition.* An objection to a deposition because the notary taking the same did not attach to his certificate a United States revenue stamp relates not to its competency or relevancy but to its authentication, and such objection, if good at all, must be made in writing and filed with the clerk before the commencement of the trial. (Gen. Stat. 1901, §§ 4811, 4812.)

2. ——— *Proof of Public Records.* The records or files of a public office can be proved only by the originals or certified copies thereof, as required by section 4820 of the General Statutes of 1901.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed March 8, 1902. Affirmed.

*Sankey & Campbell,* for plaintiff in error.
*Amidon & Conly,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : This was an action in replevin brought by defendant in error, a corporation organized under the laws of the state of Missouri, against plaintiff in error, in the district court of Sedgwick county, to recover the possession of a piano, of which the plaintiff claimed to be the owner. The defense was that the plaintiff had sold the piano in question to one Mrs. Cronkwright, who then lived in Oklahoma, and that, under a tax-warrant for unpaid taxes issued in said territory against Mrs. Cronkwright, the piano was sold to one Sullivan, who thereafter sold it to the defendant. Judgment was rendered for the plaintiff and the defendant prosecuted proceedings in error.

MacRae v. Piano Co.

The defendant in error moved to dismiss this cause for the reason that the case-made was not made and served within time.   There is no merit in this motion and' it is overruled.

Outside the record, and independent of it, the plaintiff in error applies to this court by motion to vacate the judgment of the court below.   This application is on the ground that since the defendant in error commenced its action in the court below, it has been dissolved by the voluntary act of its stockholders.   In support of such application, plaintiff in error quotes section 1018, volume 1, Revised Statutes of Missouri, 1899, which provides : "The president or secretary of every domestic incorporated company in this state, when it shall dissolve, . . . is hereby required to file with the secretary of state an affidavit to that effect."   Plaintiff also offers the following affidavit :

"Geo. Bindbentel, secretary of the Kansas City Piano Company, being duly sworn, upon his oath states that said corporation was, on the 7th day of February, 1898, by a majority of its stockholders, duly dissolved and is no longer in existence.

GEORGE BINDBENTEL, *Secretary*." '

We are not informed what provisions the Missouri statutes make for winding up the business of a dissolved corporation, but we must presume that their statute is like our own. (*Rogers v. Coates*, 38 Kan. 232, 16 Pac. 463; *St. L. & S. F. Rly. Co. v. Weaver*, 35 id. 412, 11 Pac. 408, 57 Am. Rep. 176; *Holthaus v. Farris*, 24 id. 784; *Speer v. M. K. & T. Rly. Co.*, 23 id. 572.) Section 1312 of the General Statutes of 1901 provides :

"Upon the dissolution of any corporation, . . . the president and directors, or managers of the affairs of the corporation, at the time of the dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such cor-

poration, with full power to settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders. . . ."

The judgment in this case did not become void because the corporation became dissolved after the action was commenced or after judgment was rendered. Such judgment is an asset in the hands of the trustees of the corporation for the benefit of its creditors and stockholders. The application is therefore overruled.

The plaintiff in error complains that the court erred in overruling its objection to one of the depositions read by plaintiff below. The objection was that the notary before whom the deposition was taken did not attach to his certificate a revenue stamp, as required by section 14 of the revenue laws of 1898. The objection was made orally at the trial at the time the deposition was offered in evidence. Section 4811 of the General Statutes of 1901 provides that "exceptions to depositions shall be in writing, specifying the grounds of objection, and filed with the papers in the cause." Section 4812 provides that "no exceptions other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial." Counsel for plaintiff in error urge that their objection was to its competency. With this we do not agree. The objection was not that the witness was incompetent to speak or that the matter contained in the deposition was irrelevant, but that it was not properly authenticated because the notary had not placed a revenue stamp upon his certificate. Such objection must be raised by motion.

The defendant below took the deposition of one Haynes for the purpose of proving certain statements made by Cronkwright contradictory of those made by

him in his deposition.  The court excluded one of the questions thus asked.  This was not material error, as the witness afterward answered the same question and made the statement embodied in the question excluded by the court, which is that Cronkwright said to him that the piano in question was delivered by plaintiff to Mrs. Cronkwright in lieu of one they had purchased from it and which had proved unsatisfactory.

Another contention is that the court erred in refusing to let the witness Haynes testify to a statement made to him by Mrs. Cronkwright.  Mrs. Cronkwright was not a party to this action, nor was she a witness. What she told Haynes in the absence of the defendant in error, after she had parted with the possession of the property in question, could not be given in evidence.

The court permitted the plaintiff, over the objection of defendant, made at the trial, to read the following qustion and answer in the deposition of Cronkwright : Ques. "To whom did that piano belong that you left there ?" (Referring to the piano in question.)  Ans. "So far as I know, to the Kansas City Piano Company."  The objection was that the question called for a conclusion of the witness.  An objection of this kind to be available must be made when the witness is being examined.

The court also refused to permit a witness to testify that he had sold this piano under an execution or taxwarrant issued by the territory of Oklahoma for the unpaid taxes of Mrs. Cronkwright.  This was not error.  Such fact could only be proved by the original execution or warrant thus issued, with the return indorsed thereon, or a certified copy.  (Gen. Stat. 1901, § 4820.)

Another alleged error is that the court excluded a personal-property statement made by Mrs. Cronkwright to the tax assessor of Oklahoma of her personal property, in which she included this piano. This was properly excluded. It was a statement made by one who was not a party to the action or a witness in the case, and the statement was not made in the presence or with the knowledge of the plaintiff below. There are many other alleged errors, none of which require special attention.

The judgment of the court below is affirmed.

SMITH, CUNNINGHAM, JJ., concurring.