J. D. MacRae and L. S. Naftzger v. The Kansas City Piano Company.

No. 13,656.   (77 Pac. 94.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Effect of Dissolution.* After the dissolution of a corporation it no longer possesses power to do any business, maintain any action, or enforce any judgment theretofore rendered in its favor, except by virtue of some statute authorizing it or some principle of equity requiring it.

2. REPLEVIN—*Judgment in the Alternative—Condition Precedent to Enforcement.* In an action in replevin where the defendant gave a redelivery bond and retained possession of the property in controversy, judgment was rendered in favor of the plaintiff for the recovery of possession of the property and, in the event of his inability to obtain such possession or defendant's failure to deliver it, for the recovery of a certain sum, it is *held,* that it was the duty of the defendant to tender back the possession of the replevied property, and not the duty of the plaintiff to demand it, as a condition precedent to the enforcement of the money judgment.

Error from Sedgwick district court; D. M. Dale, judge. Opinion filed June 11, 1904. Reversed.

*Adams & Adams,* for plaintiffs in error.

*S. B. Amidon,* and *J. F. Conly,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The Kansas City Piano Company brought its action in replevin against J. D. MacRae to recover the possession of a piano. A redelivery bond was given by MacRae, with L. S. Naftzger, one of the plaintiffs in error, as surety, and the instrument retained. The piano company had judgment for the recovery of the possession of it and, upon its inability to obtain it or MacRae's failure to deliver it, for the recovery of the sum of $200. To reverse that judgment MacRae brought proceedings in error in this court, but it was affirmed. (*MacRae v. Piano Co.*, 64 Kan. 580, 68 Pac. 54, 56 L. R. A. 924, 91 Am. St. Rep. 236.)

After the final determination of that action the piano company caused garnishment summons to be issued and served on plaintiff in error Naftzger. In this garnishment proceeding MacRae filed his answer setting out the reasons why the funds in the hands of Naftzger belonging to him should not be subjected to the payment of the above money judgment against him. The first reason, briefly summarized, was that, after the commencement of the action and prior to the rendition of the judgment, the piano company, which was a Missouri corporation, had been dissolved in accordance with the law of its domicile ; that more than one year had elapsed since its dissolution, and the action had not been revived in the name of the real parties in interest or the successors in interest of the company, or in the name of any one authorized further to prosecute the case. He set out the statute of the state of Missouri in force at the time of the dissolution of the corporation, which, in so far as it relates to the persons who are authorized to carry

on pending litigation on behalf of the stockholders thereof, is substantially the same as the Kansas statute (Gen. Stat. 1901, § 1312). This provides that the directors or managers of a dissolved corporation shall be trustees for the creditors and stockholders thereof, and as such may maintain judicial proceedings for the purpose of collecting debts due to such corporation. The Missouri statute specifically provides that such proceeding shall be "by the name of the trustees of such corporation, describing it by its corporate name" (1 Rev. Stat. [Mo.] 1899, § 976). The second defense pleaded that no demand had been made upon MacRae for the possession of the piano in question after the rendition and affirmance of the judgment, and claimed that inasmuch as the money judgment was in the alternative it could be enforced only in the event that possession of the replevied piano could not be had, and that no proceeding to collect the money judgment could be maintained until after a demand had been made and refused. Defendant Naftzger adopted the answer of MacRae, and added that the money in his hands belonging to MacRae was deposited with him for the purpose of securing him as surety on the redelivery bond and as surety for costs in the proceeding in this court. No issue was taken upon the truth of these answers by any pleading by the piano company. The court, however, proceeded to render judgment directing payment of the money in the hands of Naftzger into court to be distributed in a manner that would protect him, and from that judgment this proceeding in error was brought by MacRae and Naftzger.

This disposition of the matter could only be had upon the theory that neither of the defenses had merit in law, so that the question now here is whether either

of them presented a legal reason why the piano company might not, at that time and in that manner, seek satisfaction of its judgment. The first defense seems quite sufficient. The dissolution of a corporation operates, as to it, the same as the death of an individual; all its powers, prerogatives and authority — its life — ceased, and all legal proceedings then pending were at once suspended. At the common law this termination of corporate powers became so radical that a corporate debtor was entirely discharged of his obligation, and all actions by or against it were at once. and forever abated; not even an execution on a judgment theretofore obtained could issue. (9 A. & E. Encycl. of L., 2d ed., 603; 10 Cyc. 1310.) It is only in virtue of some statute authorizing it or some principle of equity requiring it that these results may be avoided, or that pending proceedings may be further prosecuted, or judgments already rendered enforced. It is not necessary now to decide whether the bar of the statute had run upon a proceeding to revive this action in the name of the parties who, the statute says, may further prosecute it. It is sufficient to say that after the dissolution of the corporation such substitution, under authority of such statute and in pursuance of its terms, must be had in order that the action may proceed. It could no longer be maintained in the name of the dissolved corporation. (*Paola Town Co. v. Krutz*, 22 Kan. 725; *Eagle Chair Co. v. Kelsey*, 23 id. 632.) The defendants could raise this question. They could well say that there was no one authorized to receive the fruits of this action; that had there been the money judgment could have been avoided by turning over the replevied property to the persons authorized to receive it. In face of the undenied facts pleaded relative to the dissolution of the company and

the failure to substitute the parties whom the statute authorizes to carry on the litigation, we are of the opinion that the court erred in proceeding with the case without such substitution.

The second defense, as pleaded, had no merit. A defendant who has given a redelivery bond in a replevin action, and against whom a judgment has been rendered in the alternative, as in this case, must tender back the replevied article in as good condition as when he obtained its possession by reason of his redelivery undertaking, or else he may be made to respond upon his redelivery undertaking in the amount of the money judgment, the burden resting upon him to restore possession to the plaintiff, and not upon the plaintiff to demand or enforce possession. (*Peck et al. v. Wilson, Use, etc.*, 22 Ill. 205 ; *Berry v. Hoeffner*, 56 Me. 170 ; *Parker v. Simonds*, 8 Metc. 205 ; *Capital Lumbering Co. v. Learned*, 36 Ore. 544, 59 Pac. 454, 78 Am. St. Rep. 792; *Arthur v. Sherman*, 11 Wash. 254, 39 Pac. 670 ; 24 A. & E. Encycl. of L., 2d ed., 535.)

The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.