Argued May 6, dismissed June 15, 1915.
Petition for rehearing allowed October 22, 1915.
Motion to dismiss overruled, and judgment rendered November 3, 1911,
reversed and remanded June 20, 1916.

# SERVICE LUMBER CO. *v.* SUMPTER VALLEY RY. CO.*

(149 Pac. 531; 152 Pac. 262; 158 Pac. 175.)

**Corporations—Dissolution—Existence for Purpose of Bringing Suit—Statute.**

1. Under Section 6699, L. O. L., providing that after .dissolution all corporations shall continue to exist as bodies corporate for five years if necessary to prosecute or defend suits, or settle their affairs, an action by a corporation which had taken the statutory steps for a voluntary dissolution, tried after the expiration of the five-year period, was abated.

**Appeal and Error—Former Decision—Matters Concluded.**

2. A judgment on defendant's appeal from a judgment for plaintiff corporation rendered within five years allowed to a corporation after its dissolution for the purpose of bringing suits, etc., appealed on the ground of error in refusing an instruction that if plaintiff had been dissolved before commencing the action it could not maintain it, and reversing and remanding for a new trial after the lapse of such five-year period, was not conclusive on defendant's second appeal on the ground that the action was abated because the five-year period had expired at the time of the second trial.

**Abatement and Revival—Dissolution—Actions.**

3. Where corporation's cause of action accrued one year prior to voluntary dissolution of the corporation, but action was not brought for two years after such dissolution, and the cause was pending in a lower court after reversal of judgment on appeal, at the end of the five-year period allowed by Section 6699, L. O. L., to dissolved corporations for defending or prosecuting actions, the right to continue the prosecution in the name of the corporation ceased, and the corporation was absolutely defunct beyond the five-year limit, so that the action should abate.

**Abatement and Revival—Prosecution—Commencement—"Prosecute."**

4. To "prosecute" an action is not merely to commence it, but includes following it to an ultimate conclusion, so that under Section 6699, L. O. L., commencement of an action by a dissolved corporation

---

*As to effect on pending actions of statutory period permitting litigation of corporations after dissolution, see note in 32 L. R. A. (N. S.) 452.

For authorities passing upon the question as to whether corporation or stockholder is real party in interest by whom action must be brought, see note in 64 L. R. A. 609.      REPORTER.

before the expiration of the five-year limit does not extend the limit until final determination of the cause.

[As to when an action may be said to be pending, see note in Ann. Cas. 1912A, 843.]

**Corporations—Dissolution—Prosecution of Actions—Judgment After Expiration of Time Limit.**

5. Where a judgment of reversal is rendered by Supreme Court in an action by a dissolved corporation, after the expiration of the five years allowed by Section 6699, L. O. L., for the prosecution of such actions, the judgment is void, and on a second appeal the hearing is upon the original appeal as if no judgment had been rendered.

**Appeal and Error—Parties—Death—Substitution—Time.**

6. Where motion is made to substitute parties plaintiff, the original plaintiff corporation being defunct, it is not necessary that such motion be made within one year, as required by Section 38, L. O. L., if the appeal has been taken before the disability arises.

**Corporations—Dissolution—Title to Corporate Property.**

7. The stockholders of a defunct corporation, in the absence of creditors, are vested with title to the corporate property as tenants in common.

**Corporations—Parties—Stockholders of Defunct Corporation.**

8. Under Section 27, L. O. L., requiring that every action be prosecuted in the name of the real party in interest, except as provided in Section 29, the stockholders of a defunct corporation having no creditors are proper parties plaintiff in an action to enforce a corporate claim.

**Corporations—Dissolution—Action—Parties—Substitution.**

9. Stockholders of a defunct corporation may be substituted as parties plaintiff in an action where an appeal has been taken before dissolution of the corporation without the necessity of making motion for such substitution within one year after the dissolution of the corporation as required by Section 38, L. O. L.

From Baker: DALTON BIGGS, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

This action by the Service & Wright Lumber Company, a corporation, against the Sumpter Valley Railway Company, a corporation, was begun on September 11, 1909, and after trial a judgment was duly made and entered in favor of plaintiff on November 3, 1911. Thereafter an appeal was taken to this court, being perfected on April 29, 1912. On September 30, 1913, this court handed down a decision reversing the

judgment: *Service Lumber Co. v. Sumpter Valley Ry. Co.,* 67 Or. 63 (135 Pac. 539).   One of the issues raised by the answer and reply in the first trial was the contention of defendant that the plaintiff, having accomplished a voluntary dissolution on May 6, 1907, had no power to institute this action.   The cause coming on for retrial upon the remand from this court defendant, by leave of the trial court, filed an amended answer, one of which amendments pleaded in effect that the five years allowed to plaintiff by Section 6699, L. O. L., in which to wind up its corporate affairs had expired and that therefore the action had abated.

Plaintiff's demurrer to this defense was sustained. The cause then proceeded to trial upon the issues as joined before the first trial.   A judgment was duly entered on January 9, 1914, in favor of plaintiff, and defendant appeals.                         ACTION DISMISSED.

For appellant there was a brief over the names of *Mr. John L. Rand* and *Messrs. Snow & McCamant,* with oral arguments by *Mr. Rand* and *Mr. Zera Snow.*

For respondent there was a brief with oral arguments by *Mr. Robert Service* and *Mr. Samuel White.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. In the appellant's abstract of record we find some 17 assignments of error, but we shall consider one question only, and that is as to whether or not at the time of the trial the plaintiff's right of action had abated.   We conclude that it had, and it remains only to give our reasons for such conclusion.   The plaintiff corporation on May 6, 1907, took such steps as are prescribed by statute for a voluntary dissolution.   This was done, doubtless, in order to avoid the

burdens of annual reports and the payment of annual license fees. Section 6699, L. O. L., is as follows:

"All corporations that expire by limitation specified in their articles of incorporation, or are dissolved by virtue of the provisions of Section 6701, or are annulled by forfeiture or other cause by the judgment of a court, continue to exist as bodies corporate for a period of five years thereafter, if necessary for the purpose of prosecuting or defending actions, suits or proceedings by or against them, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their corporate business."

As to the effect of this statute in a case like the one at bar it is said in the case of *Dundee Mortgage & Trust Investment Co.* v. *Hughes* (C. C.), 77 Fed. 856:

"In some of the states where the corporate existence is so extended by statute, express authority is given to prosecute to a final judgment all actions begun by the corporation within the limited period: *Franklin Bank* v. *Cooper*, 36 Me. 179; *Greenbrier Lumber Co.* v. *Ward*, 30 W. Va. 43 (3 S. E. 227). Under such a law was decided the case of *Bewick* v. *Alpena Harbor Imp. Co.*, 39 Mich. 700, which is cited by counsel for the plaintiff. In that case the court held that the corporation might prosecute to a close any action commenced within the three-year period of limitation fixed by the statute, but in so holding gave effect to another provision of the law upon the same subject, which provided that no such suit, once commenced, should become abated at any time until brought to a close. There is no such or similar provision in the Oregon law. The statute of this state gives a bare extension of life for a fixed period after the dissolution of the corporation. Without the statute, as we have seen, by the common law, all corporations were defunct from the moment of their dissolution. The statute extends their existence for a further period for a stated purpose. At the expiration of that period it is the logic of the common-law rule that the corporation is as absolutely defunct

as it would have been in the first instance had not its life been prolonged by the intervention of the statute. The Supreme Court of Massachusetts has held that a judgment recovered against a corporation after the expiration of a similar period of limitation is absolutely void: *Thornton* v. *Marginal Freight Ry. Co.*, 123 Mass. 32.''

The doctrine here expressed appears to be in accord with the great weight of authority: 10 Cyc. 1314; 5 Thompson on Corporations, §§ 6550, 6555; *MacRae* v. *Kansas City Piano Co.*, 69 Kan. 457 (77 Pac. 94); *Buck Stove etc. Co.* v. *Vickers*, 80 Kan. 29 (101 Pac. 668); *May* v. *North Carolina St. Bank*, 2 Rob. (Va.) 60 (40 Am. Dec. 726); 1 C. J. 134; 7 R. C. L., §§ 750, 751. This doctrine, it is true, may work hardship in the individual case, but it must not be forgotten that in the case at bar the dissolution of the corporation was voluntary, and no doubt the stockholders weighed the resulting advantages as against the consequent disabilities, so they cannot now complain.

2. It is contended with great earnestness and ability by counsel for plaintiff that the same question was before this court in the former appeal herein (67 Or. 63 (135 Pac. 539), and that the fact that the cause was remanded for a new trial after the lapse of the five-year period is conclusive upon the question. However, we cannot agree with counsel in this. The judgment first appealed from was rendered within the five-year period, and the only assignment of error relating thereto that was then presented was in the following words:

''The court erred in refusing to give the instruction requested by the defendant to the effect that as the plaintiff had been disincorporated prior to the commencement of the action, there was no evidence justifying the plaintiff in maintaining the action and that plaintiff could not recover.''

This assignment simply calls attention to the fact that the action was commenced after the dissolution, and that was the only matter germane to the present discussion which was then submitted or considered. At the time the first judgment was rendered the lapse of the five-year period was not an issue, and could not be, for no such lapse had then occurred. It follows that the action must be dismissed.

ACTION DISMISSED.

MR. JUSTICE BEAN dissents.

---

Petition for rehearing allowed October 22, 1915.

## PETITION FOR REHEARING.

(152 Pac. 262.)

On petition for rehearing the opinion and judgment on former appeal (67 Or. 63 (135 Pac. 539), set aside, substitution of parties allowed, and cause is ordered to stand for rehearing on original appeal.

REHEARING ALLOWED.

*Mr. Samuel White, Mr. Charles W. Fulton* and *Mr. Robert Service,* for the petition.

*Mr. John L. Rand* and *Messrs. Snow & McCamant, contra.*

In Banc. MR. JUSTICE McBRIDE delivered the opinion of the court.

In a petition for rehearing remarkable for its ability and plausibility, plaintiff questions the soundness of the original opinion dismissing this case. A brief *résumé* of the circumstances leading up to such dis-

missal is not inappropriate: On May 3, 1907, the plaintiff corporation passed a resolution to dissolve, which was accepted by the Secretary of State on the seventh day of the same month, and a certificate issued upon that day dissolving the corporation. Plaintiff's cause of action accrued May 27, 1906, nearly a year previous to the resolution dissolving the corporation, and this action was commenced in September, 1909, over three years after the right to bring it had accrued and over two years after the corporation had voluntarily dissolved. The plaintiff recovered a judgment, from which defendant appealed to this court, where the same was reversed for material error and a new trial ordered; the opinion being handed down September 30, 1913: 67 Or. 63 (135 Pac. 539). Before the new trial was had defendant filed a plea in abatement setting up the fact that more than five years had elapsed since the dissolution of the corporation, and that by the terms of Section 6699, L. O. L., the plaintiff corporation had ceased to exist for any purpose, and was therefore incapable of further prosecuting this action. This plea being overruled, the trial proceeded, and, the plaintiff having again recovered a judgment, an appeal was taken to this court, where defendant's plea was held good and an order of dismissal made: 149 Pac. 531. The petition for rehearing presents the following propositions: (1) That Section 6699 should be construed to allow this action, commenced within the five-year period, to be prosecuted to an end even after the termination of the five-year period; (2) that, should the court refuse so to construe Section 6699, the court should permit the action which abated at the end of the five-year period to be revived and further prosecuted, with the substitution in place of plaintiff of stockholders in plaintiff corporation, or a receiver of the plaintiff corporation to be appointed by the court;

(3) that, should the court refuse such substitution, it should hold that the first *nisi prius* judgment is still in force.

3. As to the first proposition a careful review of the authorities only strengthens our conviction that it is impossible for the court to adopt the view taken by the learned counsel for plaintiff without deliberately disregarding the terms of the statute. Upon the certificate of dissolution being issued, the corporation is as dead as though it had never existed, except for the purpose of prosecuting or defending actions and suits against it, settling its business, disposing of its property, and dividing its capital stock, and for these purposes a further grace of five years is allowed, and there its functions cease absolutely. Seeking diligently to find authority that would give plaintiff the right to have its case heard fully upon the merits on this appeal, we have found none under a statute like ours, and counsel have cited us to none. The case of *Willamet Falls C. & L. Co.* v. *Kittridge,* 29 Fed. Cas. 85, No. 17,105, is not in point, because in that case the five years allowed to a corporation in which to wind up its business had not expired when the plea in abatement was filed, and there is, therefore, no conflict between that decision and the opinion of Judge Gilbert in *Dundee Mortgage & Trust Investment Co.* v. *Hughes* (C. C.), 77 Fed. 855. The construction placed upon the statute by counsel would be subversive of the very purpose as well as the language of the law, in that, where the statute says that a dissolved corporation shall have five years within which to prosecute or defend actions, counsel's construction would extend the period indefinitely if the action or suit were commenced a single day before the five-year limitation expired. The authorities, as shown by Justice Benson,

are practically unanimous in favor of the view taken
in the original opinion; nor is this rule necessarily
harsh or unjust. In the case at bar the corporation
voluntarily dissolved after its cause of action had ac-
crued, thereby avoiding for five years the burden of
paying to the state the annual license fee and mak-
ing the annual statements required by Section 6707,
L. O. L., and thereafter delayed for more than two
years the institution of the present action. This does
not present the same equitable features which would
appear had the dissolution been involuntary, or where
the action had been begun promptly after the right to
institute it accrued. The plaintiff having availed itself
of the benefits of a dissolution, cannot complain if it is
required to submit to the hardships imposed by stat-
ute under such circumstances. It also had another
remedy. It could at any time within the five-year
period allowed for winding up its business have as-
signed its cause of action to its stockholders or to some
other person, and the action could then have been
carried on in the name of such assignee for the benefit
of its stockholders. Not having done this, its right of
action is completely lost. So far as the present appeal
is concerned, it is a dead corporation. Should this
court affirm the judgment on the merits, plaintiff could
no more order an execution or dispose of the judgment
than a man in his grave could transact the same busi-
ness. The consequences of the voluntary extinction of
a corporation at common law are succinctly stated in
*Fox* v. *Horah,* 36 N. C. 358 (36 Am. Dec. 48), in the
following language:

"The real estate remaining unsold reverts to the
grantor and his heirs, 'because [in the language of
Lord Coke] in the case of a body politic or incorporate
the fee is vested in their political or incorporate capa-
city, created by the policy of man, and therefore the

law doth annex a condition in law to every such gift and grant that, if such body politic or incorporate be dissolved, the donor or grantor shall re-enter, for that the cause of the gift or grant faileth': Co. Litt. 136. Goods and chattels, by the common law, were deemed of too transitory and fluctuating a nature to be susceptible of reversionary interests after an estate for life, and, on the death of a corporation, they do not revert to the grantor or donor, but, being *bona vacantia,* or goods wanting an owner, they vest in the sovereign, as well to preserve the peace of the public as in trust to be employed for the safety and ornament of the commonwealth. Choses in action are under the operation of a different rule. They were rights of the corporation to demand money in the hands of persons by whom it was withheld. They derived their existence from contracts or *quasi* contracts by which the relation of debtor and creditor was created. When the creditor corporation died, and there was no successor, no representative, the relation of debtor and creditor ceased, and the debt became necessarily extinct. None but the creditor had a right to demand the money, and when his right is gone, the money becomes to all purposes the money of the possessor.''

These rules have been, however, materially modified by statutes of the various states, and in some instances by judicial decisions without the aid of statutes, so that it may be taken to be the general rule that upon the extinction of a corporation by voluntary dissolution its real and personal property and assets become the property of the stockholders, but the corporation, as such, does not remain alive for any purpose beyond the limit of five years.

4. Section 6699, L. O. L., is as follows:

"All corporations that expire by limitation specified in their articles of incorporation, or are dissolved by virtue of the provisions of Section 6701, or are annulled by forfeiture or other cause by the judgment of a court, continue to exist as bodies corporate for a period of five years thereafter, if necessary for the

purpose of prosecuting or defending actions, suits or proceedings by or against them, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their corporate business.''

Counsel for plaintiff contend that the word ''prosecute'' means to commence, and in this connection cites *Hickox* v. *Elliott* (C. C.), 22 Fed. 13, in which Judge DEADY, construing the statute which requires that ''every action shall be prosecuted in the name of the real party in interest,'' observes:

''In my judgment, the term 'prosecuted' is used in this section in the sense of 'commenced,' and does not prevent a party from assigning his interest in the subject matter of an action after it has been duly commenced, or require that the assignee shall make himself a party thereto, or dismiss the same and commence another action in his own name. And so the provision appears to have been construed in *Garrigue* v. *Loescher,* 3 Bosw. (N. Y.) 578, cited in Wait's Annotated Code, 115.''

Judge DEADY was evidently misled by an erroneous statement as to the effect of the decision in *Garrigue* v. *Loescher,* which holds only that an assignee of a chose in action may sue in his own name, and, further, that having sued in his own name, he cannot sustain his title by evidence of an assignment made after he has commenced his action.

In *Hickox* v. *Elliott* (C. C.), 22 Fed. 13, the court was dealing with a living plaintiff and a living assignee of that plaintiff, and there can be little doubt that, if the case had presented the aspect of a plaintiff who had assigned his claim and thereafter died, the court would have abated the suit, or upon a proper showing have directed a substitution. Here we have a case carried on in the name of a plaintiff who is absolutely extinct for any purpose whatever, with no substitu-

tion asked until the present petition for rehearing was filed. While the word "prosecute" may comprehend the commencement of an action, it includes more. To prosecute an action means not only to file a complaint and serve a summons, but it necessarily includes the carrying on of the action to some conclusion. The following cases, in addition to those cited in the original opinion, bear out the conclusion herein reached: *Marryott* v. *Young,* 33 N. J. Law, 336; *Cohens* v. *Virginia,* 19 U. S. (6 Wheat.) 264 (5 L. Ed. 257); *Inhabitants of Knowlton Township* v. *Read,* 11 N. J. Law, 320; *State* v. *McDonald,* 2 N. J. Law, 355, 360; *Territory* v. *Nelson,* 2 Wyo. 346; *Inhabitants of Great Barrington* v. *Gibbons,* 199 Mass. 527 (85 N. E. 737). And see generally Words and Phrases, title "Prosecute," every case there cited having been carefully examined by this court.

Reason also supports this construction of our statute, which was evidently designed to remedy the harshness of the common-law rule abating every action and destroying all rights of recovery on behalf of a corporation the moment it became dissolved. Instead of this, the statute allows five years as a reasonable time within which all actions may be brought to a conclusion and the proceeds from them or the judgments themselves be disposed of to the advantage of stockholders and creditors. That the plaintiff, with a large claim against defendant, should have voluntarily dissolved, leaving it unliquidated, or, having dissolved, allowed two of the five years limitation to expire before commencing its action, is certainly due to no harsh feature of the law. It is clear that, had this action been commenced when the cause accrued, or even when the dissolution took place, plaintiff would have had ample time to have concluded it before the expiration of the five years allowed for that purpose. Consequently,

while we deplore the necessity for so doing, we cannot extend the time allotted by statute to meet the peculiar exigencies of this case any more than we could allow an action upon a promissory note to be commenced seven years after the cause of action accrued, instead of the six years prescribed by statute, because it appeared that the payor of the note actually owed the money, nor can this court at this time allow a substitution so as to preserve plaintiff's present judgment.

5. There was no plaintiff when the first appeal was heard, and it was the duty of one party or the other to have called that fact to the attention of the court and asked for substitution, which would have given the defendant a good judgment of reversal, and, perhaps, incidentally have kept the cause alive for a new trial. This was not done, and our judgment of reversal was an absolute nullity. The case stands here upon the appeal from the first judgment of the Circuit Court just the same as if no judgment of this court reversing the case had been rendered: *Young's Estate,* 59 Or. 348, 363 (116 Pac. 95, 1060, Ann. Cas. 1913B, 1310). The logical result of the reasoning of defendant's counsel, however, cuts both ways. If the present proceeding is void because there was no plaintiff in existence when the case was tried and the judgment rendered, it follows that there was no valid appeal from the second judgment for the same reason. That being so, the appeal should be dismissed, but it also follows that, as there was no plaintiff when the former appeal was heard, and no substitution asked or granted, the judgment of reversal was void and an absolute nullity, and in such a case the judgment should be set aside; it being always in the power of the court to purge its records of a void judgment.

6. The attorney for plaintiff has appeared for the stockholders and asked that they be substituted as par-

ties upon the original appeal and the cause reinstated. It is claimed by defendant that no substitution can be had in this case, because no motion therefor was made within one year, as required by Section 38, L. O. L.; but in *Long* v. *Thompson,* 34 Or. 359 (55 Pac. 978), it was held that this section did not apply to a case where the death or disability occurred after an appeal had been taken to this court.

The petition for substitution should be allowed, and our former opinion reversing the first judgment set aside. The matter will then stand for hearing upon the original appeal.

An order will be entered accordingly.

REHEARING ALLOWED.

MR. JUSTICE BURNETT delivered the following dissenting opinion:

It seems illogical to hold that the only means by which the defendant can bring to the attention of the court the fact that the plaintiff corporation is *functus officio* and so abate the action, five years having elapsed since the corporate dissolution, is first to cause the substitution of the stockholders by whom the action may be perpetuated. The principle embodied in Section 6699, L. O. L., is that at the end of the five-year period mentioned, the existence of the artificial being called a corporation ceases. It does not die; neither has it any inheritable blood. It is a conventional institution devised by its component stockholders to serve their purposes, and its use by them is controlled and circumscribed by the law, which automatically puts a quietus upon their creature at the expiration of the five years. It is true that as between it and them its property belongs to them, but it is equally true that the transposition from corporate to individual title as affecting other parties must be worked out through corporate

action while it is still permissible. It seems to be contemplated by the law that the transmission of title is to be accomplished by assignment, for Section 6725, L. O. L., reads thus:

"Suits and actions upon choses in action arising out of contracts sold or assigned by any corporation dissolved by this act may be brought or prosecuted in the name of the purchaser or assignee. The fact of sale or assignment and of purchase by the plaintiff shall be set forth in the writ or other process; and the defendant may avail himself of any matter of defense of which he might have availed himself in a suit upon the claim by such corporation, had it not been dissolved by this act."

The stockholders do not inherit from their creature. They perpetuate or dissolve it at pleasure, and if they do not acquire title to its choses in action while yet it may transmit it, they have no cause of complaint, because they have control of the situation up to the limit of five years which they have brought upon themselves. Beyond that it is inert, and cannot be counted upon for any purpose. Otherwise the statute would be ignored, and the corporation prolonged indefinitely. The matter involved stood undenied on the record, and upon the bare suggestion of the fact the court of its own motion ought to have abated the action as it would one on the death of a natural plaintiff where the cause of action does not survive.

For these reasons, I withhold my assent to the conclusion reached by Mr. Justice McBride.

Judgment rendered November 3, 1911, reversed and remanded June 20, 1916.

REHEARING ON ORIGINAL APPEAL.

(158 Pac. 175.)

From Baker: WILLIAM SMITH, Judge.

On motion for rehearing and to dismiss appeal. Motion denied and judgment rendered November 3, 1911, reversed and cause remanded for a new trial.

REVERSED AND REMANDED.

*Mr. Samuel White, Mr. Robert Service* and *Mr. Charles W. Fulton,* for the motion.

*Mr. John L. Rand, Messrs. Snow & McCamant* and *Mr. MacCormac Snow, contra.*

In Banc.  MR. JUSTICE BEAN delivered the opinion of the court.

After the opinion rendered in this case by Mr. Justice McBRIDE on October 22, 1915, counsel for defendant submitted a motion to dismiss the cause and questioned the authority of the court to substitute the stockholders of the plaintiff corporation as parties plaintiff.

In its motion the defendant raises two main questions, namely:

(1) "Substitution is unknown except in cases where legal title to the interest of a party in the subject matter of a suit descends and devolves, upon the death of the party, upon the person to be substituted; and the assets, whether realty, personalty or choses in action, of a corporation, do not pass at law on the dissolution of the plaintiff to the stockholders; (2) substitution cannot be permitted except by statute, and there is no statute in Oregon permitting the substitution of stock-

holders in place of a corporation which dies pending suit to which it is a party.''

It is contended in behalf of plaintiff that upon the death of the corporation without creditors, and without provision being made for the distribution of its assets, the same descends by operation of law to the stockholders, who are the beneficiaries under the trust, and the only persons who have any interest in the property, and that thereby the stockholders become tenants in common of the corporate property and are entitled to all the remedies that the latter have in asserting their ownership to such property.

Section 38, L. O. L., declares that:

''No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest.''

*Long* v. *Thompson,* 34 Or. 359, 362 (55 Pac. 978), is authority for the proposition that the disability of a party, pending an appeal to the Supreme Court, does not abate the appeal, notwithstanding no application be made for a substitution within a year as required by this section, the statute not applying where death occurs after an appeal has been perfected. We do not understand that the learned counsel for defendant question the right of the stockholders to any property formerly belonging to the defunct corporation, but their contention in its final analysis is that in order to prosecute the action which was properly commenced and in which a judgment was rendered in the lower court during the existence of the corporation, a suit in equity is necessary to authorize the same. The fact

that parties may enforce their rights to property by a suit in equity does not show that they are not the owners thereof, but rather the reverse. The provisions of Section 38 intended to carry out fully the first declaration that no action shall abate by the disability of a party, and that those who succeed to the interest of the plaintiff are by virtue of this section entitled to prosecute the action. The claim the plaintiff once had against the defendant has not been annihilated. The stockholders of the corporation have an equitable, beneficial interest in the corporate property during the life of the corporation, and when it dies such interest ripens into a legal title and necessarily vests in the only persons having any interest in the corporate property who, in the absence of creditors, are the stockholders.

In *Baldwin* v. *Johnson,* 95 Tex. 85 (65 S. W. 171), the corporation, the John Henry Shoe Company, was dissolved and the stockholders attempted to appoint commissioners to wind up their affairs. The commissioners brought an action to recover certain real property, and the court held that they had no capacity to maintain the action. Thereupon the plaintiffs amended their complaint by averring that they were stockholders of the defunct corporation. The trial court instructed the jury that plaintiffs as stockholders had no such title or interest in the property as would permit them to recover, and directed a verdict for defendant. On appeal the court used this language:

"The judge of the District Court correctly instructed the jury that the plaintiffs could not recover as commissioners of the John Henry Shoe Company, * * But the property itself, upon the dissolution of the corporation, became the property of the stockholders, each one of whom owned an undivided interest in it in the proportion that his stock bore to the whole capital stock: *Harbor Co.* v. *Manning* [94 Tex. 558] (63 S. W.

81 Or.—4

627).  In the case cited, Chief Justice Gaines, for the court, said: 'But in its last analysis the stockholders are the beneficial owners of the assets of the corporation.  This proceeding is instituted upon the theory—which we think a correct one—that the shareholders are the ultimate owners of the corporate property, and when the corporation is dissolved, and its creditors are satisfied, they hold title to the assets in proportion to their respective shares.'  The proposition quoted is well sustained by authority and by sound reasoning''—citing 2 Perry on Trusts, § 920; *How* v. *Waldron*, 98 Mass. 281.

See, also, *Pewabic Mining Co.* v. *Mason*, 145 U. S. 349 (36 L. Ed. 732, 12 Sup. Ct. Rep. 887) ; *Lauman* v. *Lebanon Valley R. R. Co.*, 30 Pa. 42 (72 Am. Dec. 685).

7-9.  There being no creditors of the Service & Wright Lumber Company, the stockholders thereof hold the corporate property of the defunct corporation as tenants in common.  They are its legal successors in interest.  Section 27 of the Code directs that every cause shall be prosecuted in the name of the real party in interest except as otherwise provided in Section 29. It appears that the stockholders of the plaintiff corporation are the only parties interested as plaintiffs, and have a sufficient interest in the result of this action to prosecute the same.  The motion to dismiss is overruled.

The defendant's contention that there is no authority for the substitution of the stockholders as parties plaintiff in accordance with the opinion heretofore rendered is not well taken.  For the reasons set forth in the opinion of Mr. Justice Burnett of September 30, 1913 (67 Or. 63 (135 Pac. 539), and the opinion of Mr. Justice McBride, announced October 22, 1915 (152 Pac. 262), the first judgment in this action in the lower

court rendered November 3, 1911, will be reversed and the cause remanded for a new trial.

                          REVERSED AND REMANDED.

MR. JUSTICE EAKIN absent.

MR. JUSTICE BURNETT delivered the following dissenting opinion:

I dissent from the conclusion reached by Mr. Justice BEAN allowing substitution, in this action, of the stockholders of the defunct corporation plaintiff. The action ought to have been abated when the matter was first suggested after the expiration of five years from the dissolution of the plaintiff.