**AMERICAN TRANSP. CO. v. SWIFT & CO. SAME v. ARMOUR & CO. SAME v. SULZBERGER & SONS CO.**

District Court, S. D. New York. August 5, 1927.

**1. Abatement and revival ⬅️39—Pending suits of Delaware corporation voluntarily dissolving held abated three years after dissolution (Corporation Law Del. § 40, as amended by 34 Del. Laws, c. 112, § 9).**

Where provision of Corporation Law of Delaware, § 40 (Rev. Code 1915, § 1954), as amended by 34 Del. Laws, c. 112, § 9, for extension of life of a corporation for purposes of continuing pending litigation, did not exist at time corporation was voluntarily dissolved, nor for three years thereafter, corporation which had been dissolved had no legal existence subsequent to three years after its dissolution, and there was an abatement of all suits pending in its name.

**2. Corporations ⬅️514(1)—Corporate capacity was made issue by allegation of answer denying any knowledge or information sufficient to form belief.**

Allegation in answer to corporation's suit, denying any knowledge or information sufficient to form a belief as to corporate capacity, *held* sufficient to raise issue of such capacity.

**3. Estoppel ⬅️3(3)—Cross-libelant, by pleading libelant's corporate existence after voluntary dissolution, held not estopped from thereafter denying its corporate status.**

Where cross-libelant, during continuance of existence of plaintiff corporation from time of its dissolution for purpose of prosecuting and defending suits, alleged libelant's corporate existence, it was not estopped from subsequently denying such existence.

**4. Admiralty ⬅️40—Libelant must show capacity to sue at time of trial, as well as at time of bringing suit.**

A libelant, in order to recover on a claim, must show its capacity to sue at time of trial, as well as at time suit is brought.

**5. Abatement and revival ⬅️39—Claims of cross-libelants against corporation that had become legally dead by dissolution cannot support decree.**

Where corporation, after bringing suit, became legally dead by reason of dissolution, claims of cross-libelants against it, however meritorious, cannot support a decree.

**6. Abatement and revival ⬅️39—Abatement of suit against corporation after voluntary dissolution can be raised at any time.**

In the absence of statute to the contrary, abatement of suit against corporation by reason of dissolution is complete by operation of law, and objection can be raised at any time.

At Law. Separate libels by the American Transportation Company against Swift & Co., Armour & Co., and Sulzberger & Sons Co., wherein respondents each filed cross-libels. Libels and cross-libels dismissed.

Loomis & Ruebush, of New York City (Homer L. Loomis and Glenn W. Ruebush, both of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondents and cross-libelants.

KNOX, District Judge. The above-entitled actions were begun on July 17, 1917, for the purpose of recovering damages for the detention by British naval authorities of the steamers A. A. Raven, Ruby, and Robert M. Thompson, while carrying cargo belonging to the respective respondents. Answers to the libels were filed on November 17, 1919. On January 13, 1922, respondents filed cross-libels, alleging damages against libelant for late delivery of merchandise carried by the above steamers. The cases came on for trial on October 16, 1925, but were not argued and submitted until the late spring of 1927.

At the trial it appeared that libelant corporation, organized under the laws of Delaware, was voluntarily dissolved on the 31st day of May, 1921. Affidavit of publication to that effect was filed in the office of the secretary of state of Delaware on June 3, 1921. Section 40 of the Corporation Law of Delaware, as amended and now in force [34 Del. Laws (1925) c. 112, § 9] reads as follows:

" * * * Corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established: *Provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution, and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three year period and until any judgments, orders or decrees therein shall be fully executed.*"

[1] The underscored portion of the foregoing quotation was not a part of the statute as it existed on May 31, 1921, and June 3, 1921,

and three years thereafter. In fact, the provisions for the extension of the life of a corporation, for purposes of continuing pending litigation beyond a period of three years subsequent to dissolution, did not become law until some time in 1925. As a result, it must be found that libelant corporation had no legal existence subsequent to June 3, 1924, and there was an abatement of all suits then pending in its name. Bank of United States v. McLaughlin, 2 Fed. Cas. 722, No. 928; Pendleton v. Russel, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574; Dundee Mortgage & Trust Investment Co. v. Hughes (C. C.) 77 F. 855.

The proof as to the dissolution of libelant was produced by way of defense to the allegation of each of the libels that "libelant at all times hereinafter mentioned was and still is a corporation duly organized and existing under and pursuant to the laws of the state of Delaware. * * *"

[2] The answer of each respondent put this allegation in issue by denying any knowledge or information sufficient to form a belief as to libelant's corporate capacity. Proof of a right to sue was therefore part of libelant's case; and, unless the proof was made, there can be no recovery, whatever the merits of libelant's claims. It is now urged, however, that respondents are estopped from denying the corporate status of the libelant on the ground that each of them, as late as January 13, 1922, set forth in the cross-libels then filed, that "At all times hereinafter mentioned the respondent, American Transportation Company was and still is a corporation duly organized and existing under the laws of the state of Delaware, with an office at No. 17 State street, New York City, within this district, and at all said times was the owner of the steamships A. A. Raven, Ruby and Robert M. Thompson."

[3, 4] In my judgment, this allegation raises no estoppel against the cross-libelants. As has been observed, the law of Delaware continued the existence of the American Transportation Company for a period of three years from the date of its certificate of dissolution for the purpose of prosecuting and defending suits. Cross-libelants' averment of the corporate capacity of the libelant, as of January 13, 1922, was therefore not inappropriate, and there was no inconsistency upon the part of cross-libelants, nor prejudice to libelant, in making proof of the latter's dissolution, when that step had, at the time of trial, become a finality. A libelant, in order to recover upon a claim, must show its capacity to sue at the time of trial, as well

as at the time suit is brought. This, by reason of respondents' introduction of the certificates of dissolution upon the trial, established libelant was unable to do so.

The evidence that defeated libelant's right to prosecute its suits also foreclosed the right of cross-libelants to further pursue the claims which they asserted. The proof was competent, relevant, and material, and libelant cannot justly complain of its effect upon the litigation.

Furthermore, if it should be assumed that cross-libelants' allegation of libelant's corporate existence were capable of raising an estoppel, the libelant is in no position to take advantage of the fact. As was said in MacRae v. Kansas City Piano Co., 69 Kan. 457, 77 P. 94:

"The dissolution of a corporation operates, as to it, the same as the death of an individual; all its powers, prerogatives and authority—its life—ceased, and all legal proceedings then pending were at once suspended. At the common law this termination of corporate power became so radical that a corporate debtor was entirely discharged of his obligation, and all actions by or against it were at once and forever abated; not even an execution on a judgment theretofore obtained could issue. * * * It is only in virtue of some statute authorizing it, or some principle of equity requiring it, that these results may be avoided, or that pending proceedings may be further prosecuted, or judgments already rendered enforced."

[5] No assertion of cross-libelants can serve to give vitality to an alleged corporation that has no existence, either de jure or de facto. American Transportation Company being legally dead, the claims of cross-libelants against it, however meritorious they may be, cannot support a decree. In Mumma v. Potomac Co., 8 Pet. 281, 8 L. Ed. 945, the Supreme Court declared that "there is no pretence to say that a scire facias can be maintained, and a judgment had thereon, against a dead corporation, any more than against a dead man." And in Marion Phosphate Co. v. Perry, 74 F. 425, 33 L. R. A. 252, the Circuit Court of Appeals for the Fifth Circuit held that a suit against a dissolved corporation abates at the time of dissolution, so that, if a judgment be thereafter entered against it, the same is void.

[6] As bearing upon the time at which the dissolution of a corporation may be called to the attention of the court in which its suit is pending, and after there has been a plea to the merits, the weight of authority seems to

be that, in the absence of statute to the contrary, the abatement is complete by operation of law, and the objection can be raised at any time. See 1 Corpus Juris, § 215, and cases cited; particularly Greeley v. Smith, 10 Fed. Cas. 1075, No. 5748.

Whatever the merits of libelant's claim against respondents may have been, I see no means by which the same may here be adjudicated. My attention has been called to no statute, applicable to the facts of the present case, which will admit of the further prosecution of these suits.

The libels will be dismissed, and a similar disposition will be made of the cross-libels.