## G. M. STANDIFER CONST. CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7662.

Circuit Court of Appeals, Ninth Circuit.
June 10, 1935.

Charles E. McCulloch and Ivan F. Phipps, both of Portland, Or. (Carey, Hart, Spencer & McCulloch, of Portland, Or., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This is a petition brought in the name of G. M. Standifer Construction Corporation, hereinafter referred to as the corporation, asking us to review a decision of the Board of Tax Appeals (30 B. T. A. 184) holding that there was a deficiency of $4,999.57 in the income tax of the corporation for the calendar year 1928.

The corporation was organized under the laws of the state of Oregon in 1917 for the purpose of engaging in the shipbuilding business, which business it carried on from 1917 to 1921. In 1921 it discontinued its shipbuilding operations, but continued as an active corporation until 1927. On July 2, 1927, the corporation applied for, and on August 30, 1927, pursuant to section 25-223, Oregon Code, 1930, obtained from the Corporation Commissioner, a certificate of dissolution.

The Oregon statute (section 25-221, Oregon Code 1930), provides: "All corporations that * * * are or have been dissolved by virtue of the provisions of section 25-223 (Oregon Code) * * * continue to exist as bodies corporate for a period of five years thereafter, if necessary for the purpose of prosecuting or defending any actions, suits or proceedings by or against them, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their corporate business. During such five-year period after such dissolution, they shall continue as such bodies corporate for being made parties to, and being sued in any action, suit or proceeding against them, for the recovery of any property, or the enforcement of any remedy against them, or against any property in which such corporations have an interest. During such five-year period after such dissolution, any suit, action or other proceeding may be instituted and maintained against any such corporations for the recovery of any property, or the enforcement of any remedy that might have been had prior to such dissolution. * * *"

After the corporation had filed its income tax return for 1928, the Commission-

er of Internal Revenue, on November 1, 1930, sent it a 60-day letter notifying it of the deficiency. On December 29, 1930, the corporation filed with the Board of Tax Appeals a petition for redetermination. The 60-day letter was mailed, and the petition for redetermination was filed, before the expiration of the 5-year period during which the corporation retained its corporate existence under section 25-221, supra. On October 2, 1933, after the expiration of the five-year period, the matter was heard by the Board, and on June 7, 1934, the Board rendered its decision, to review which a petition was filed in this court on October 29, 1934.

The general effect of the dissolution of a corporation is to put an end to its corporate existence for all purposes whatsoever and to extinguish its power to sue or be sued, but, if the law of the state of incorporation so provides, its existence may continue for a specified period after dissolution for the purpose of winding up its affairs, and during that extended period of corporate life it may sue or be sued. Thompson on Corporations (3d Ed.) vol. 8, §§ 6505, 6530; 14a C. J. 1200, 1201; 7 R. C. L. 735, 743. The rule is stated as follows in Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U. S. 257, 259, 47 S. Ct. 391, 392, 71 L. Ed. 634: "It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect. [Citing cases.] It follows, therefore, that as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation pro hac vice. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being."

The Oregon statute (section 25-221, Oregon Code, 1930, supra) does not provide for the continuance of suits pending by or against a dissolved corporation at the expiration of the 5-year extension of its corporate life, and the Supreme Court of Oregon, in construing this statute, has held that pending suits commenced within that period abate upon the expiration thereof. Service Lumber Co. v. Sumpter Valley Ry. Co., 81 Or. 32, 149 P. 531, 152 P. 262, 158 P. 175. The same statute was similarly construed in Dundee Mortgage & Trust Investment Co. v. Hughes (C. C.) 77 F. 855. The holding in these cases is in accord with the general rule stated in Oklahoma Natural Gas Co. v. State of Oklahoma, supra.

Here, the 5-year period expired, the corporation became defunct, and the proceeding before the Board of Tax Appeals abated on August 30, 1932, 21 months before the Board rendered its decision. The petition filed in this court in the name of the defunct corporation presents nothing for review. The only thing we can do with such a petition is to dismiss it.

Petition dismissed.