INHABITANTS OF CLINTON *vs.* WILLIAM F. HEAGNEY
& others.

Worcester.    October 3, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*" Prosecution "* of Civil Actions — Authority of Law Board of Town to
bring Suits in its behalf.

As applied to proceedings upon the civil side of a court, the ordinary meaning of the
word " prosecution " includes the institution of a suit, and is not confined to the
mere pursuit of a remedy after proceedings have been instituted.

If the fact that a town is so populous that its legal voters cannot be warned and
assembled in town meeting without expense and great loss of time, whenever it
may be necessary ·for the town to prosecute its rights in court, is matter of com-
mon knowledge, it tends to confirm the view that when, by an elaborate chapter
of its by-laws, the town provided for a law board of the principal town officers,
and authorized them to choose a town solicitor and " to prosecute ,all litigation
to which the town is a party," the town thereby authorized the board to bring
suits in the name and behalf of the town ; and therefore the bringing of a suit
under votes of that board, authorizing the town solicitor to serve notices on the
bondsmen of the defaulting town treasurer, giving them two weeks for settle-
ment, and further authorizing the solicitor, if unable to make arrangements
towards a settlement, at the end of that time to take legal. measures to collect
the amount due the town, and the vote engaging counsel for the town in the
prosecution, make the action that of the town.

CONTRACT, upon a bond given by the defendant Heagney as
treasurer and collector to the inhabitants of Clinton.    The other
defendants are sureties upon the bond.    The writ was dated
November 15, 1897, and was duly entered upon the first Mon-
day of January, 1898.

At the trial in the Superior Court, before *Hopkins,* J., the de-
fendants, who appeared specially, excepted in writing to the right
of the attorney who entered the action to appear for the plaintiff,
and demanded his authority thus to appear ; and the attorney
did not declare that he was duly authorized to appear by an
application made to him by the party plaintiff, or by any person
whom he believed to be authorized to employ him.

Other attorneys had appeared of record for the plaintiffs, and
in each case the defendants had seasonably and in writing ex-
cepted to their right to appear for the party plaintiff, and had
demanded their authority ; and neither of such attorneys had

declared that he was duly authorized to appear by an application made to him by the party plaintiff or by any person whom he believed to have been authorized to employ him.

The defendants seasonably filed a plea to the jurisdiction.

There was no controversy concerning the evidence. The following is an extract from the by-laws of the town:

" Sect. 1. The chairman of the selectmen, water commissioners, road commissioners, school committee, board of health, and assessors, together with the town treasurer, shall hereafter, on or before the first day of April, and whenever a vacancy shall exist, choose some competent lawyer, residing in the town, to act as town solicitor, who shall be paid such salary as they may direct.

" Sect. 2. The chairman of the selectmen shall call a convention of said officers for the purpose aforesaid, and shall give notice thereof in writing to the several officers entitled to vote therein, seven days at least before said meeting.

" Sect. 3. The several town officers aforesaid shall have authority to prosecute, defend, and compromise all litigation to which the town is a party, and to employ special counsel to assist the town solicitor whenever in their judgment necessity therefor arises.

" Sect. 4. The term of office of said solicitor shall begin on the first day of April of each year and shall continue until the election and acceptance of his successor.

" Sect. 5. The town solicitor shall . . . do every professional act which may be required of him, by vote of the town or any board of town officers. . . .

" Sect. 6. He shall prosecute all suits ordered to be brought by the town, and shall appear before any court in the Commonwealth in defence of all actions or suits brought against the town or its officers in their official capacity. Also, shall try and argue any and all causes in which the town shall be a party, before any tribunal, whether in law or equity, in this Commonwealth, or before any board of referees or commissioners."

At a meeting of the law committee named in section 1, on September 29, 1897, it was " Voted, That the town solicitor be authorized to serve notices on the bondsmen of Mr. Heagney, giving them two weeks for settlement.

"Voted, That if the town solicitor is unable to make any arrangements towards a settlement at the end of two weeks he be authorized to take legal measures to collect the amount due the town."

Demand was made on the sureties, but no settlement was reached.

The following is a copy of the records of the law committee constituted by said by-laws, for 1898 :

"Jonathan Smith, Esq., Dear Sir, — The law-committee voted to engage you as counsel for the town in the prosecution of the Heagney bondsmen."

The judge found as a fact that the town had never authorized the bringing of the action by a vote in town meeting; that the town treasurer had not authorized or assented to the bringing or prosecution of the action ; that the law committee, so called, had not authorized the bringing of the action, and ruled as matter of law that if the town solicitor was directed by the law committee of 1897 to bring the suit, it had no authority so to do.

The judge sustained the plea and ordered the action dismissed ; and, at the request of Mr. Jonathan Smith, the attorney appearing of record for the plaintiff, reported the case for the determination of this court.

If the order was right, there was to be judgment accordingly ; if wrong, the case was to stand for trial.

*J. Smith*, for the plaintiff.

*J. W. Corcoran*, for the defendants.

BARKER, J.   As applied to proceedings upon the civil side of a court the ordinary meaning of the word "prosecution" includes the institution of a suit, and is not confined to the mere pursuit of a remedy after proceedings have been instituted. That Clinton is a large and populous town, with more than twenty-four hundred legal voters, who could not be warned and assembled in town meeting without expense and great loss of time whenever it might be necessary for the town to prosecute its rights in court, is matter of common knowledge, which tends to confirm the view that when by an elaborate chapter of its by-laws the town provided for a law board or committee consisting of the principal town officers, and authorized them to choose a town solicitor and "to prosecute all litigation to which the town

is a party," the town thereby authorized that board to bring suits in the name and behalf of the town. Therefore the bringing of the present suit under votes of that board authorizing the town solicitor to serve notices on the bondsmen of the defaulting treasurer giving them two weeks for settlement, and further authorizing the solicitor, if unable to make arrangements towards a settlement, at the end of that time to take legal measures to collect the amount due. the town, and the vote engaging counsel for the town in the prosecution, make the suit the action of the town.

The report not only states the evidence, but the further fact that there was no controversy concerning the evidence. This being so, both the findings of fact and the rulings of law were wrong. The exceptions to the right of the attorney who entered the action to appear for the town and to the right of the other attorneys who have subsequently appeared of record for the plaintiff so to appear, and the plea to the jurisdiction, should not have been sustained but overruled.

> *Orders sustaining the exceptions and plea reversed, exceptions and plea overruled, and the case to stand for trial.*