INHABITANTS OF GREAT BARRINGTON *vs.* MARTIN GIBBONS.

Berkshire.     September 8, 1908. — October 19, 1908.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Municipal Corporations*, Officers and agents. *Overseers of the Poor*. *Statute*, Construction. *Words*, "Prosecute," "Preceding sections."

The word "prosecute," as used in R. L. c. 81, § 38, directing that in certain actions and prosecutions "the overseers of the poor of any place . . . shall appear and prosecute . . . in behalf of such place," includes the bringing as well as the carrying on of such an action.

Where it does not otherwise appear that any change in the law was intended in the revision of a statute, mere verbal changes made in such revision do not alter the meaning of the statute.

The overseers of the poor of a town were given power, under St. 1793, c. 59, § 14, to

---

prosecute in the name of the town certain actions described "in the preceding sections of this chapter." Like phraseology was used in the codifications of the law in Rev. Sts. c. 46, § 26, and Gen. Sts. c. 70, § 22, but in the revisions in Pub. Sts. c. 84, § 33, and R. L. c. 81, § 38, the words "of this chapter" were omitted, and among the "preceding sections" was Pub. Sts. c. 84, § 25, R. L. c. 81, § 29, providing for criminal prosecutions against the overseers themselves. *Held,* that it did not appear that by the last two revisions any lessening of the powers of the overseers to bring the actions specified in the chapters named was intended by the Legislature.

Under R. L. c. 81, § 38, the overseers of the poor of a town have power to bring in behalf of the town a bill in equity under § 11 of that chapter to compel a grandfather who has sufficient ability to contribute toward the support of his grandchildren who are paupers and are being supported by the town.

BILL IN EQUITY, filed in the Superior Court for the county of Berkshire November 16, 1907, under R. L. c. 81, § 11, seeking to compel the defendant to contribute toward the reimbursement of the plaintiff for support already furnished by it to the defendant's grandchildren, and to contribute toward their future support.

The petition was signed " Inhabitants of the Town of Great Barrington, by Edward E. Barnes, Dennis C. Killeen, Malcolm Douglas, Overseers of the Poor of the town of Great Barrington."

There was a hearing before *Hitchcock,* J., merely upon the sufficiency of one paragraph of the defendant's answer, which was to the effect that the action was not brought by the town or "by any duly authorized and qualified agent of" the town. The facts were agreed to and are stated in the opinion.

The judge made an interlocutory decree that the case should stand for trial, from which the defendant appealed. By agreement of parties, the case, being deemed by the judge of sufficient importance, was reported for determination by this court.

*H. M. Whiting,* (*H. C. Joyner* with him,) for the defendant.

*E. C. Collins,* for the plaintiff.

SHELDON, J. This bill is brought in the name of the plaintiff town under R. L. c. 81, § 11, to compel the defendant to contribute to the support of his grandchildren. The town, by vote under R. L. c. 25, § 12, had appointed its selectmen its agents to sue in its name. This suit was brought by the overseers of the poor of the town, without any authority from the selectmen or otherwise, except what may have arisen from their office as

overseers of the poor; and the question is whether the action was rightly brought.

The general rule is that an officer of a town cannot merely as such officer bring an action in the name of the town. *Walpole v. Gray,* 11 Allen, 149, 150, and cases cited. But it is provided by R. L. c. 81, § 38, that "in all actions and prosecutions founded on the provisions of the preceding sections, the overseers of the poor of any place . . . shall appear and prosecute or defend the same in behalf of such place." To "prosecute" an action includes the bringing as well as the carrying on of the action. This is the ordinary meaning of the word. *Clinton v. Heagney,* 175 Mass. 134. And see the cases collected in 23 Am. & Eng. Encyc. of Law (2d ed.) 268. And the words "preceding sections," taken literally, include the section of the same chapter under which this bill was brought.

But the defendant contends that the words "preceding sections" should be limited to the three sections which immediately precede § 38. The authority in question was given to the overseers of the poor by St. 1793, c. 59, § 14, and has existed since that time. It was successively codified into Rev. Sts. c. 46, § 26, and Gen. Sts. c. 70, § 22. In all these statutes, the authority of the overseers of the poor was in terms extended either to actions and prosecutions under all the provisions or under the preceding provisions of the respective chapters. This would include in each case actions like the one before us. But the language was changed in Pub. Sts. c. 84, § 33, by omitting the words "of this chapter," so that the statute was cast in its present form. The defendants contend that this change in the phraseology of the statute indicated an intention of the Legislature to change the law and to restrict the authority given by R. L. c. 81, § 38, to the overseers of the poor, to actions and prosecutions brought under §§ 35, 36 and 37. But it does not appear that any change in the law was intended in the revisions either of 1882 or 1902; and the general rule is well settled that mere verbal changes in the revision of a statute do not alter its meaning. *Savage v. Shaw,* 195 Mass. 571, and cases cited. *Tilton v. Tilton,* 196 Mass. 562, 564, and cases cited. A striking example of the application of this rule may be found in *Electric Welding Co. v. Prince,* 195 Mass. 242, 259, *et seq.* This general

rule cannot be overcome by the fact that in the two latest revisions there has been included among the " preceding sections " a provision (Pub. Sts. c. 84, § 25 ; R. L. c. 81, § 29) under which a criminal prosecution might be brought against the overseers of the poor themselves, and that they would not be held to be authorized either to prosecute or to defend such a prosecution in behalf of the town.

Accordingly, under the terms of the report, the case is to stand for trial.

*So ordered..*