HENRY C. SNOW & others *vs.* FREDERIC B. RICE & others, executors.

Suffolk.    November 15, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Landlord and Tenant*, Tenant's liability for increased rent due to betterment tax. *Tax*, Betterment.

Under St. 1871, c. 382, § 9, which provided that, "when an assessment is made upon an estate, the whole or any portion of which is leased, the owner . . .

shall pay the assessment, and may thereafter collect of the lessee an additional rent for the portion of the estate so leased," proportionately reckoned, which was codified into R. L. c. 50, § 8, with some verbal changes which did not affect its construction, no obligation on the part of the tenant comes into being until payment of the betterment is made by the owner, and the liability then becomes merely a future liability to be reckoned from that time, not a liability also for past time; and therefore if a betterment tax is assessed upon an estate under lease, and, by reason of a petition by the owner for an abatement thereof, which is finally compromised and settled, the payment of the tax is delayed until after the termination of the tenancy, the tenant is under no liability under the statute to pay to the owner any increase of rental.

CONTRACT, originally against William B. Rice, under R. L. c. 50, § 8, for additional rent alleged to be due because of a betterment assessment on a building of the plaintiffs, made during the occupancy thereof by the defendants' testator as a tenant, but not paid by the plaintiffs until after the termination of the tenancy. Writ in the Municipal Court of the City of Boston dated June 8, 1907.

William B. Rice died before the trial, and the defendants, who were executors of his will, were admitted to defend the action.

On appeal to the Superior Court the case was heard by *Hardy*, J., without a jury. The facts are stated in the opinion. The third ruling asked for by the defendants and referred to in the opinion was as follows : " 3. The defendants are entitled to a finding in their favor on the third count of the declaration [which set out the plaintiffs' claim in full as stated in the opinion] as a matter of law."

The judge found for the defendants; and the plaintiffs alleged exceptions.

*A. A. Ballantine*, for the plaintiffs.

*R. G. Dodge*, for the defendants.

SHELDON, J. The plaintiffs, being the owners of an estate in Boston, leased a portion thereof to one Rice, the defendants' testator, for a term running from January 1, 1898, to April 1, 1906, and Rice's occupation continued for a month longer. On December 24, 1900, during Rice's tenancy and while he was in possession under his lease, a betterment assessment of $11,089.33 was duly levied upon the plaintiffs' estate. They did not then pay this assessment, but filed a petition in the Superior Court for its reduction or abatement. On December 7, 1906, after

Rice's tenancy and possession had ended, a judgment by agreement between the plaintiffs and the city of Boston was entered for the sum of $8,500 without interest, and on December 13, 1906, they paid that sum to the city. They seek in this action to recover from the defendants ten per cent upon the proper proportion of this sum from the time when the assessment was levied to the end of Rice's tenancy.

The plaintiffs' right of action is based upon the provisions of R. L. c. 50, § 8, formerly Pub. Sts. c. 51, § 8. The original statute which was successively codified into these sections of the Public Statutes and of the Revised Laws was St. 1871, c. 382, § 9. Some verbal changes were made in the codification ; but we prefer to look to the language of the original act, as it is properly agreed that its construction has remained unchanged. *Great Barrington* v. *Gibbons,* 199 Mass. 527, 529. That language is as follows: " When an assessment is made upon an estate, the whole or any portion of which is leased, the owner of the estate shall pay the assessment, and may thereafter collect of the lessee an additional rent for the portion of the estate so leased, equal to ten per centum per annum on that proportion of the whole sum paid, which the leased portion bears to the whole estate, after deducting from the whole sum so paid, any amount he may have received for damages to the estate, above what he has necessarily expended on such estate by reason of such damages."

It is manifest that the owner cannot collect this additional rent from his tenant until after he has himself made payment to the city. Until then, the tenant is not required to pay anything. And while the question is not free from doubt, we are of opinion that not only is the time of payment by the tenant thus delayed, but that his obligation to pay does not come into being until the owner's payment shall be made, and that the liability then becomes merely a future liability to be reckoned from that time, not a liability also for a past time.

Under the construction contended for by the plaintiffs, Rice had after December, 1900, no possible means of determining for what amount of rent he was liable; he knew only that it could not exceed what he had agreed to pay plus ten per cent on what after years of litigation might be found by a jury within the

limit of the original assessment to be the correct betterment, or on whatever other sum within the same limit the city and the owners might agree. A construction which thus would leave the amount of a tenant's liability in the air ought not unnecessarily to be adopted. Nor can the tenant in such a case know whether the owner will avail himself of his right to pay the assessment in three or in ten annual instalments under R. L. c. 50, §§ 5, 15. If the owner should so elect, and if the tenant is under the fixed liability to pay ten per cent of the amount of the assessment, even though the payment be postponed it is yet an absolute liability, and it is difficult to see how the tenant's rights could be protected if the owner after paying one or more of the delayed instalments should default upon the others, leaving the property to be sold under the lien thereon. R. L. c. 50, § 17.

The owner moreover, if he fears that he will not receive from his tenant a proper return for the increased value of the estate, can protect himself by at once paying the assessment and thus fixing the starting point of the tenant's obligation. No such mode of protecting himself is available to the tenant.

The words of the statute, while they do not absolutely preclude the possibility of sustaining the plaintiffs' contention, are more in harmony with the view which we have taken. A provision that after the happening of a certain event one may collect a sum to which but for that provision he would have no right at all, naturally indicates that the liability is to accrue only upon such happening and is to cover only the future. The owner's obligation, or rather the charge upon his estate, does date from the levying of the assessment; but that of the tenant arises only from the terms of the statute that creates it, and cannot be extended beyond the proper scope of those terms. Nor is it material that it may be for the interest of the owner to seek by petition under R. L. c. 50, § 6, to reduce the amount of the assessment and for that reason to delay making his payment, and that he thus may lose the opportunity to gain from his tenant a return upon his involuntary investment. This simply gives him one more consideration to weigh in determining what course it will be for his interest to adopt.

The result is that as the defendants' testator was not a tenant at all when the liability of the plaintiffs' tenants accrued, this

action cannot be maintained; the defendants' third request for rulings was rightly given; and the other questions argued need not be considered.

*Exceptions overruled.*