THOMAS A. CHESHIRE v. DES MOINES CITY RAILWAY COMPANY, and INTERURBAN COMPANY, Appellants.

**Attorney's liens:** NOTICE. An attorney is entitled to a lien for a general balance of compensation upon money due his client in the hands of the adverse party, whether his right to compensation grows out of a written or oral contract, contingency, *quantum meruit* or a fixed amount; and notice thereof need not state the details of his employment.

**Same:** TO WHAT LIEN ATTACHES. A contract to prosecute an action for personal injury for a portion of the damages recovered is sufficient to authorize a lien upon money paid the client, as a compromise and settlement of the claim.

**Same:** SETTLEMENT OF ACTION: COMPENSATION OF ATTORNEY. Where plaintiff in a personal injury action secretly settled the same with the defendant, the attorney's agreement to prosecute the action for a portion of the sum recovered was waived and he thereby became entitled to the agreed compensation as against the plaintiff and also defendants, when served with notice of the lien.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

SATURDAY, NOVEMBER 18, 1911.

ACTION to recover lien for attorney's fee resulted in judgment as prayed. The defendants appeal. *Affirmed.*

*Guernsey, Parker & Miller,* for appellants.

*Thos. A. Cheshire,* for appellee.

LADD, J.—The plaintiff, an attorney at law, was employed by Edith Lowe, October 2, 1909, to bring and prose-

cute a suit against the Des Moines City Railway Company and the Interurban Railway Company, to recover damages sustained by the first party in a collision on the street railway company bridge over the Des Moines river, in which collision the first party received personal injuries.

The party of the first part hereby agrees to pay to the party of the second part a sum equal to an undivided one-half (½) of whatever may be received of said railway companies, or either of them, as damages on account of said injuries. The party of the second part hereby agrees to bring and prosecute a suit with reasonable diligence against said railway companies, in the name of the party of the first part, for said damages, as first party's attorney. It is mutually understood and agreed, by and between the parties hereto, that, should nothing be recovered by way of suit or settlement, then the party of the second part is to receive nothing for his services as attorney for party of the first part.

Suit was begun in pursuance of this contract by plaintiff causing original notice to be served on defendants October 7, 1909, claiming damages for his client in the sum of $10,000, and at the same time notifying them that he claimed "an attorney's lien in the sum of $5,000 on any money in your hands due the above-named plaintiff, Edith Lowe, on account of personal injuries sustained by her for which the above-entitled cause is brought; same being for professional services rendered and to be rendered the plaintiff in said cause." On the 22d of October, plaintiff prepared and filed the petition in the cause, but two days prior thereto his client, without his knowledge, had settled with defendants for $400, and signed a dismissal of the cause, which was filed November 10th following. The agreement signed by her recited the consideration received was "by way of compromise and settlement of the claims hereinafter referred to," that she released the company from "all claims and demands against it, and especially from all liability to her" for loss or damages by reason of the accident

(describing it), and from "all claims set up" by her in the suit, and acknowledged "receipt of the payment of the above amount, paid as aforesaid by way of settlement and compromise of said claim." On this state of facts, the plaintiff demanded and was awarded judgment against defendants for a sum equal to one-half that paid his client.

The defendants contend: That, (1) as the notice of attorney's lien served did not advise them of any written contract of employment, they had a right to assume that reasonable compensation would be claimed; (2) that, as plaintiff was to be paid a share of the damages only, and what Edith Lowe received was in compromise of litigation, he was not entitled to recover; and, (3) as plaintiff undertook to "bring and prosecute" the suit, and in fact only brought it, he had not earned the contract price, and was entitled to reasonable compensation only.

I. It was not incumbent on the attorney in serving defendants with notice of his claim of the attorney's lien to state therein the details of his contract of employment. The lien is for "the balance of compensation," whether owing by virtue of a written or oral agreement, or to be measured contingently, or on *quantum meruit,* or for a fixed amount, and all exacted is that the notice contain a general statement of the amount claimed and the services for which rendered. This appears from section 321 of the Code, which provides that: "An attorney has a lien for a general balance of compensation upon: . . . (3) Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services." The notice was sufficient, in that it complied with this statute. The purpose of this

1. Attorney's
liens: notice.

statute is to protect attorneys in the matter of compensation, where, for some reason thought sufficient, their clients settle with the opposite party, unbeknown to them, and the latter, when pursuing this course, must take the risk as to the attorney's claim, and may not assume that no more has been promised than what subsequently shall. be adjudged reasonable.    The notice was sufficient.

II.    It is said that, as nothing was received by Edith Lowe "as damages," the attorney was entitled to no compensation under the terms of his contract.    The $400 was

2. SAME: to what lien attaches.

paid to her in compromise of the demands made in the action commenced by serving the original notice and in settlement of this liability for loss or damages by reason of the action complained of.    The compromise of a suit neither admits the validity of the claim urged, nor ascertains any amount as being due, and amounts to no more than saying that so much is paid to be rid of the controversy.    *Colburn v. Town of Groton,* 66 N. H. 151, (28 Atl. 95, 22 L. R. A. 763.) The claim must have been in dispute.    *Greenlee v. Mosnat,* 116 Iowa, 535, and the compromise necessarily involves. a demand or concession to some extent of the claim asserted, *Rankin v. Schofield,* 70 Ark. 83 (66 S. W. 197), and operates as a merger of and bars the right to recover for the damages in the suit.    Though the payment was strictly in compromise of the action, it was because of the injury alleged to have been suffered by Edith Lowe and the damages claimed by her, and we are of the opinion that it should be construed to be "as damages," within the meaning of her contract with plaintiff, especially as this is fairly to be implied from the condition therein that he should be paid no compensation, if nothing were received in the settlement; it being fairly to be implied therefrom that he should. be paid, if anything were so received.

III.    The attorney undertook to "bring and prosecute suit," and to do so with reasonable diligence, against de-

fendants, and they argue that, as he merely brought and did not prosecute the action, he did not earn the entire compensation stipulated. Ordinarily, to prosecute an action includes the commencement thereof, and is not confined to the pursuit of the remedy thereafter, *Inhabitants of Clinton v. Heagney,* 175 Mass. 134, (55 N. E. 894), but may refer to proceedings after the suit has been begun. *Buecker v. Carr,* 60 N. J. Eq. 300, (47 Atl. 34.) It is quite immaterial to determine the sense in which the expression was employed in this contract, however, for if plaintiff failed to prosecute the action, it was owing to the secret settlement of his client with defendants. She thereby waived full compliance therewith, *Larned v. City of Dubuque,* 86 Iowa, 166, 181, and, as this defense could not. have been interposed by the client, is not available to defendants.—*Affirmed.*

3. SAME: settlement of action: compensation of attorney.