JOHN H. PAULSON, Appellee, v. M. S. BURGITT, Appellant.

CONTRACTS: Consideration—Sufficiency. An admission by a party that he had been negligent, and a naked oral promise by him to pay the damages, do not constitute an enforcible contract.

*Appeal from Hancock District Court.*—M. F. EDWARDS, Judge.

DECEMBER 15, 1922.

ACTION to recover damages for the loss of two cows which fell into a drainage ditch constructed by the defendant contractor. The issue was submitted to the jury and verdict was

returned in favor of the plaintiff. Defendant appeals.—*Reversed.*

*Senneff, Bliss, Witwer & Senneff,* for appellant.

*John Hammill,* for appellee.

DE GRAFF, J.—This appeal presents a single theory and the cause was submitted to the jury on this theory. Originally plaintiff predicated his cause of action on negligence and proceeded to trial on this claim. Upon the conclusion of plaintiff's evidence defendant moved for a directed verdict. Thereupon plaintiff amended his petition by Count II in which it is alleged that the defendant had orally promised to pay plaintiff the sum of $135 for the two cows and ''that the said oral agreement was entered into in settlement of the claim which the plaintiff made against the defendant for damages.''

The record shows without dispute that at the time of the conversation in which the alleged promise was made there was no promise to pay any specific amount. ''He (defendant) didn't really agree to pay me anything at that time. He didn't say he would pay me what they cost me.''

Furthermore there was no dispute between plaintiff and defendant. Consequently there was no compromise, which necessarily involves a demand or concession. At most it was an admission of liability for negligence, but this is not enough to establish a pleaded contract. The record tersely stated is in effect that the plaintiff told the defendant that he had lost some cattle in the drainage ditch. The defendant, according to plaintiff, said he was sorry but that he would pay for them. Clearly this does not make a cause of action *ex contractu*. There is no consideration to support the alleged contract, and there is no meeting of minds. The amount of the loss at said time was not known to the defendant, and no particular value was claimed by the plaintiff. There was no dispute. There was no concession. There was no compromise. See *Cheshire v. Des Moines City R. Co.,* 153 Iowa 88; *Greenlee v. Mosnat,* 116 Iowa 535.

Another reason may be urged why plaintiff cannot recover Long after the alleged compromise and settlement the plaintiff

instituted his action based on negligence. This suit was dismissed and another action commenced on the original ground of negligence, and after the trial of the second suit had proceeded to the conclusion of plaintiff's case, and defendant moved for a directed verdict, plaintiff then asserted his cause of action in contract.

There is no necessity for a discussion of this proposition since we hold that the trial court was in error in submitting Count II of plaintiff's petition to the jury. The motion for directed verdict should have been sustained. Wherefore the judgment entered is—*Reversed.*

STEVENS, C. J., WEAVER, EVANS, and ARTHUR, JJ., concur.