WORCESTER COUNTY NATIONAL BANK OF WORCESTER *vs.*
RICHARD STILES, administrator.

Worcester. September 24, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, To establish claim barred by short statute of limitations. *Executor and Administrator. Limitations, Statute of. Words,*
"Prosecuted."

A creditor of a decedent's estate who seasonably commenced an action at law upon his claim but later through mistake discontinued it, was not, within G. L. (Ter. Ed.) c. 197, § 10, a creditor whose claim had "not been prosecuted within the time limited by" § 9 of that chapter, nor entitled to relief under § 10; the claim was "prosecuted" within § 10 by the commencement of the action.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Worcester on September 27, 1934.

An interlocutory decree sustaining a demurrer to the bill was entered by order of *Pierce*, J., and a final decree dismissing the bill was entered by order of *Donahue*, J. The plaintiff appealed from both decrees.

*J. A. Crotty*, for the plaintiff.

*J. N. Clark*, for the defendant.

LUMMUS, J. The bill sets forth the following facts. Walter F. Stiles died on August 22, 1926, indebted to the plaintiff bank in a large sum upon some notes made and others indorsed by him. The bonds of the administrators of his estate were approved on September 17, 1926. *Breen* v. *Burns*, 280 Mass. 222, 227. An action on the notes was brought by the plaintiff bank on September 12, 1927, service was accepted for the administrators on September 15, 1927, and the action was duly entered in court. If the action had remained pending, the plaintiff bank would have been protected. G. L. c. 197, § 9. *Pierce* v. *Tiernan*, 280 Mass. 180. *O'Brien* v. *McManama*, 281 Mass. 89. *Smith* v. *Greeley*, 291 Mass. 271. See now St. 1933, c. 221, § 4.

The administrators wrote to the plaintiff bank on September 7, 1928, pointing out that "the principal holdings

are securities without a ready market, and it will take time and skill to realize adequate values," expressing the belief that the estate would prove insolvent, and proposing that the creditors should extend time for payment of their claims until October 1, 1930. An agreement in writing was entered into with the plaintiff, dated October 1, 1928, whereby the time for payment was extended accordingly. Shortly afterwards, the chairman of the board of directors of the plaintiff bank, without authority, instructed the attorney who had brought the action to discontinue it, as everything had been satisfactorily arranged. The attorney, with the consent of the attorney for the administrators, caused an entry of neither party to be made. The bill alleges that this entry was the result of a mutual mistake in believing that the agreement preserved the claim of the plaintiff.

Beginning shortly after the appointment of the administrators, the plaintiff's claim was substantially reduced by payments and by the sale of collateral. The administrators continued to make payments after the agreement of October 1, 1928. On May 27, 1929, one of the administrators died, leaving the defendant as surviving administrator. He continued to make payments on account until some time early in 1934. On October 9, 1933, he wrote to the plaintiff, expressing an intention, but not promising, to continue to pay. Later he refused to pay any more, and the plaintiff on September 27, 1934, brought this bill under G. L. (Ter. Ed.) c. 197, § 10.

The single justice sustained a demurrer to the bill, on the grounds that the bill failed to state a case for relief, that the claim was not one which "has not been prosecuted within the time limited by the preceding section" (i.e. G. L. [Ter. Ed.] c. 197, § 9), and that the proper remedy was a proceeding to set aside the alleged erroneous entry of neither party in the action at law. He then entered a final decree, dismissing the bill with costs. The plaintiff appealed.

The demurrer was rightly sustained. It is a condition of relief under G. L. (Ter. Ed.) c. 197, § 10, that the bill be filed by a creditor whose claim "has not been prosecuted

within the time limited by the preceding section." The preceding section fixes the time within which an action by a creditor of a decedent shall be "commenced." The word "prosecuted" refers to the commencement of the action, for no "time" is "limited" for any other purpose. The word "prosecuted" is used in the statute in one of its common meanings. *Great Barrington* v. *Gibbons*, 199 Mass. 527, 529. In our opinion the plaintiff, having once begun an action upon its claim within the time limited, is not within the statute, and other grounds of demurrer need not be considered. *Nichols* v. *Pope*, 287 Mass. 244, 246.

> *Interlocutory decree affirmed.*
> *Final decree affirmed, with costs.*