CHARLES H. GRAY *vs.* OLE M. DAHL, executor.

Suffolk.   October 8, 1936. — May 24, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, & FIELD, JJ.

*Equity Jurisdiction*, To establish claim barred by short statute of limitations. *Executor and Administrator. Limitations, Statute of. Practice, Civil*, Commencement of action. *Statute*, Construction. *Words*, "Prosecuted."

A creditor of a decedent's estate who seasonably commenced an action at law upon his claim was not, within G. L. (Ter. Ed.) c. 197, § 10, "a creditor whose claim" had "not been prosecuted within the time limited by" § 9 of that chapter as amended by St. 1933, c. 21, § 1, and relief under said § 10 was not available to him.

The meaning of the word "prosecuted" in G. L. c. 197, § 10 (now G. L. [Ter. Ed.] c. 197, § 10) was not changed when G. L. c. 197, § 9, was amended by St. 1931, c. 417, § 1, now embodied in G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 6, 1935.

The suit was heard by *Lummus,* J., by whose order a final decree dismissing the bill was entered. The plaintiff appealed.

*G. L. Dillaway,* for the plaintiff.

*W. W. Risk,* for the defendant.

RUGG, C.J. This is a suit in equity under G. L. (Ter. Ed.) c. 197, § 10. The provisions of that section are: "If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding section, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person . . ." The plaintiff, a physician, seeks to recover compensation for professional services rendered by him to Christine Ibsen, of whose will the defendant is executor. The case was referred to a master twice, first to determine whether the plaintiff has been guilty of culpable neglect, and next to decide the amount due him. Both reports were favorable to the plaintiff and have been confirmed. The evidence is not reported. Therefore the findings of fact made by the master must be accepted as true, since they are not inconsistent with each other or plainly wrong. The case then came on to be heard before a single justice. He ruled that the plaintiff was not entitled to relief under the statute, because such relief can be afforded only to a creditor "whose claim has not been prosecuted within the time limited" (see G. L. [Ter. Ed.] c. 197, § 9, as amended by St. 1933, c. 221, § 4,) and that the facts showed that the claim of the plaintiff had been so prosecuted. The facts relevant to this matter are these: The defendant was appointed executor of the will of the testatrix on May 3, 1934,

There were negotiations between the plaintiff and the defendant for adjustment of the claim of the former, which came to nought. It was agreed that the last day within which, under said § 9, as amended, an action could have been brought was May 3, 1935. On April 26, 1935, the plaintiff sued out against the defendant a writ from the Municipal Court of the City of Boston returnable on May 11, 1935. The writ and accompanying summons were placed in the hands of the chief clerk in the deputy sheriff's office on April 29, 1935, with instructions to serve upon the defendant, whose office was nearby. The writ was turned over to a deputy sheriff for service who at about that time was taken sick and was out of the office for sixteen days. On the return day of the writ, the attorney for the plaintiff learned that the writ had not been served and that the return day of the writ had been altered to May 18, 1935. Service was made on the defendant on May 11, 1935. The finding of the master was that the action was commenced on April 26, 1935, and that the writ was delivered to the sheriff's office with a *bona fide* intention to have it served on the defendant. The writ was entered in court and after a hearing a finding was made for the defendant on June 5, 1935, and judgment in his favor was rendered on June 14, 1935. The sole ground for that finding and judgment was that the short statute of limitations had run in his favor. G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4. It is plain that the action of the plaintiff against the defendant in the Municipal Court of the City of Boston was seasonably commenced before the short statute of limitations had run. The writ was made out and delivered to an officer with a *bona fide* intent to have it served on the defendant within the time required by the statute. *Rosenblatt* v. *Foley,* 252 Mass. 188, 190. *Parker* v. *Rich, ante,* 111, and cases there collected. The date of the writ was not changed, although its return day was changed. It was at all times a writ to enforce the same cause of action as when originally handed to the sheriff for service. It was entered in court and went to final judgment. The precise question is whether in these circumstances

the claim of the plaintiff was "prosecuted" within the time limited by said § 9, as amended. It was held in *Clinton* v. *Heagney*, 175 Mass. 134, 136, that as "applied to proceedings upon the civil side of a court the ordinary meaning of the word 'prosecution' includes the institution of a suit, and is not confined to the mere pursuit of a remedy after proceedings have been instituted." In *Great Barrington* v. *Gibbons*, 199 Mass. 527, 529, it was said: "To 'prosecute' an action includes the bringing as well as the carrying on of the action." The plaintiff in *Worcester County National Bank* v. *Stiles*, 292 Mass. 453, which was a bill in equity like the present under said § 10, appealed from an interlocutory decree sustaining a demurrer. The plaintiff had commenced an action on its claim against the administrators within the time limited by said § 9, but it was discontinued by agreement of parties upon the promise by the administrators to make payment on account of the claim. It was held that "The demurrer was rightly sustained. It is a condition of relief under G. L. (Ter. Ed.) c. 197, § 10, that the bill be filed by a creditor whose claim 'has not been prosecuted within the time limited by the preceding section.' The preceding section fixes the time within which an action by a creditor of a decedent shall be 'commenced.' The word 'prosecuted' refers to the commencement of the action, for no 'time' is 'limited' for any other purpose. The word 'prosecuted' is used in the statute in one of its common meanings." These authorities are controlling to the effect that the plaintiff had prosecuted his claim within the time limited by said § 9, as amended.

The meaning of the word "prosecuted" in G. L. c. 197, § 10 (now G. L. [Ter. Ed.] c. 197, § 10), was not changed when G. L. c. 197, § 9, was amended by St. 1931, c. 417, § 1, now embodied in G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4. The argument of the plaintiff that a claimant must do all required by said § 9, as amended, in order that his claim may be "prosecuted" is without merit. The action in the case at bar was commenced within the specified time and the case at bar is in this respect distinguishable in its facts from *Parker* v. *Rich*, *ante*, 111.

*Decree affirmed with costs.*