Estes, P. J.
This action is to recover for services rendered to Getha A. Howe, deceased, during her lifetime. The administrator qualified by giving bond on August 20, 1941. The writ was issued August 1, 1942, returnable August 22, 1942, and given to a sheriff August 4, 1942. Because of the absence of the administrator from the Commonwealth, the sheriff was unable to make service in proper time before the return day named in the writ. The report states “that thereafter the sheriff changed the return date from August *241 22, 1942, to September 19, 1942, and that service in hand was made September 4, 1942”.
The administrator filed a special answer, and a “motion to dismiss,” assigning for reasons that the service on the administrator was not made within the time provided by General Laws (Ter. Ed.) Ch. 197, Sec. 9, as amended by Chapter 221, Section 4 of the Acts of 1933.
No objection appearing we assume that the action was properly brought against the estate of said Getha A. Howe. And no objection appears to have been made concerning the authority of the sheriff to change the return day of the writ.
The action was commenced within the time limited by the Statute. The date of the writ was not changed, but as in Gray vs. Dahl, 297 Mass. 260, cited and relied on by the plaintiff, the return day was changed, and the service made, on a date after the statute had run.
All that Gray vs. Dahl, supra, decided was that the plaintiff had thereby “prosecuted” his claim and hence, after judgment in favor of the defendant on the ground that the statute had run against him, he could not avail himself of the provisions of Gen. Laws (Ter. Ed.) Ch. 197, Sec. 10, by bringing a bill of equity in the Supreme Judicial Court.
Section 9 as amended provides that the administrator shall not be held to answer to an action not entered within one year from the time of giving of his bond, unless before the expiration of the year (1) service has been made in hand, (2) service accepted, or (3) proper notice is filed in the probate court. Neither of these were done. Gray vs. Dahl, supra, seems to indicate that when the plaintiff was unable to make service, failure to file the notice was fatal to the plaintiff’s action. That “the writ was made out and delivered to the officer with bona fide intent to have it served on the defendant within the time required by the statute” does not seem to toll the statute. See cases cited.
*242 No request was filed on the question of whether a motion to dismiss was the proper pleading. Whether it is treated as a motion to dismiss, or an answer in abatement (see Summer vs. Boston Safe Deposit and Trust Co., 301 Mass. 167) seems to be immaterial.
. On the state of the record we find no prejudicial error, even assuming that the plaintiff’s rights were properly protected, which seems somewhat doubtful. Report dismissed.