ROGER G. RICHARDS & another *vs.* SIDNEY G. BROWN & another, administrators (and a companion case). October 21, 1974. In these actions of contract the plaintiffs seek to recover $10,000, the above captioned action having been brought against the administrators of the estate of one Weiner (administrators) and the companion case against Maplewood Yarn Mills, Inc. (Maplewood), of which Weiner had been president. They are before us on the consolidated bill of exceptions of the plaintiffs in their action against the administrators and of Maplewood in the companion case. The trial judge properly directed a verdict for the administrators in the action against them, as they pleaded the applicable statute of limitations (G. L. c. 197, §§ 9, 17) in their answer and the plaintiffs failed to sustain their burden of proving that the action had been seasonably commenced. *Breen* v. *Burns,* 280 Mass. 222, 228 (1932). We express no opinion as to whether a proceeding would lie against the estate under G. L. c. 197, § 10. There is likewise no showing of error in the companion case. *Ferris* v. *Turner,* 320 Mass. 555, 558 (1947). As to the denial of Maplewood's motion for a directed verdict, we cannot say that "the evidence most favorable to the plaintiff[s] and the inferences that

could reasonably be drawn therefrom . . ." (*Wilborg* v. *Denzell*, 359 Mass. 279, 282 [1971]) were insufficient to warrant a verdict for the plaintiffs, at least on counts 1 and 2 of their declaration. As Maplewood's motion was general, we need not decide whether there was sufficient evidence to support the verdict on count 3. *Dillon* v. *Barnard*, 328 Mass. 53, 55 (1951). And since all three counts were for the same cause of action and the jury returned a separate verdict for the plaintiffs on each, we need not consider the contention that the judge abused his discretion in allowing the amendment to the declaration whereby count 3 was added. There was no abuse of discretion in the denial of Maplewood's motion to amend its answer by asserting new defenses based on G. L. c. 259, § 1, Second (see *Hayes* v. *Guy*, 348 Mass. 754, 756-757 [1965]), and G. L. c. 260, § 2 (see *Campbell* v. *Whoriskey*, 170 Mass. 63, 65-68 [1898]; *Warren* v. *Ball*, 341 Mass. 350, 352-354 [1960]). See *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp.* 344 Mass. 420, 424 (1962). The charge to the jury, evaluated as a whole without undue emphasis on fragments thereof bereft of their context (*Posner* v. *Minsky*, 353 Mass. 656, 660 [1968]; *Anderson* v. *Osgood, ante*, 800 [1974]) adequately covered the applicable law, and we perceive no abuse of discretion in the judge's denial of the additional instructions requested by Maplewood after the charge had been given. See *Campbell* v. *Shea*, 332 Mass. 422, 425 (1955); *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp., supra*, at 426. It follows that the plaintiffs' exceptions in the case against the administrators and Maplewood's exceptions in the companion case must be overruled.

*So ordered.*

*Sheldon Newman* for the defendants.
*Charles R. Desmarais* for the plaintiffs.