JOHN F. TAMULEVICH vs. PEARL ROBIE, executrix.[1]

Suffolk. January 29, 1998. - February 19, 1998.

Present: WILKINS, C.J., LYNCH, GREANEY, & MARSHALL, JJ.

*Limitations, Statute of. Executor and Administrator,* Claims against estate. *Statute,* Construction. *Words,* "Commence," "Prosecute."

This court overruled the holding of *Gray* v. *Dahl,* 297 Mass. 260, 263 (1937), with the result that a creditor of an estate who fails to meet either or both of the filing and notice requirements of G. L. c. 197, § 9, may seek equitable relief under G. L. c. 197, § 10. [712-714]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 21, 1997.

The case was heard by *O'Connor,* J.

*Ronald N. Whitney* for the plaintiff.

*George W. Skogstrom, Jr.,* for the defendant.

BY THE COURT. The plaintiff brought this action against the estate of the decedent, seeking to recover on a promissory note the decedent had signed before his death. General Laws c. 197, § 9 (*a*), imposes a one-year statute of limitations on creditors' actions against an estate. The plaintiff filed his complaint in the Brockton Division of the District Court Department with one day left in the limitations period. However, his notice of the action, required under the statute, arrived in the Plymouth County Probate and Family Court one day after the limitations period had run. Therefore his action was untimely.

The plaintiff then sought relief before a single justice of this court under G. L. c. 197, § 10, which allows "a creditor whose claim has not been prosecuted within the time limited by [G. L. c. 197, § 9]" to recover by a bill in equity, so long as "such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited." The single justice, following the holding of this court in *Gray* v. *Dahl,* 297 Mass.

---

[1] Of the estate of Philip Robie.

260, 263 (1937), denied the plaintiff's petition for relief. The single justice questioned the validity of *Gray*, though he felt bound to follow it. This appeal from the single justice's decision turns on the question whether the plaintiff's filing of the complaint in the District Court constituted "prosecut[ion]" of his claim within the meaning of c. 197, § 10, thereby preventing him from availing himself of that statute.

In *Gray, supra,* the plaintiff filed his complaint within one year of the decedent's death. But like the plaintiff in the instant case, he failed to meet the requirement of service on or notice to the executor until after the limitations period expired. The court held that the plaintiff could not avail himself of c. 197, § 10: "[t]he word 'prosecuted' refers to the commencement of the action, for no 'time' is 'limited' [in § 9] for any other purpose. The word 'prosecuted' is used in the statute in one of its common meanings." *Gray, supra* at 263, quoting *Worcester County Nat'l Bank* v. *Stiles,* 292 Mass. 453, 455 (1935). The court rejected the argument that "a claimant must do all required by said § 9 [i.e., filing a complaint in court *and* providing notice under the statute to the executor or administrator] in order that his [or her] claim may be prosecuted." *Gray* v. *Dahl, supra.* In the instant case, the single justice suggested that the court should now overrule *Gray.*

The *Gray* decision has stood for sixty years, although this court has not revisited the issue since, and has not cited *Gray,* even in passing, since 1950. The rationale underlying *Gray* seems to us no longer to be correct. It is clear, to begin with, that as generally understood the terms "commence" and "prosecute" do not have the same meaning.

In *Stiles, supra* at 455, this court said that "commence" is "one of [the] common meanings" of "prosecute." But the case the *Stiles* court cited for that proposition, *Great Barrington* v. *Gibbons,* 199 Mass. 527, 529 (1908), said, "[t]o 'prosecute' an action *includes* the bringing as well as the carrying on of the action. This is the ordinary meaning of the word" (emphasis added). Although the concept of "prosecuting" an action clearly *includes* commencing it, there is no authority, other than the *Gray* decision, for the idea that "prosecution" means *only* commencement.

"[W]here the Legislature chose two completely different phrases in the two clauses, it must have intended different meanings." *Commonwealth* v. *Caracciola,* 409 Mass. 648, 653 n.8

(1991). Although "commence" and "prosecute" are not "completely" different terms, they are different enough that the Legislature would not likely have used them to mean the same thing.

As the single justice pointed out, the rule in *Gray* leads to strange results. A plaintiff who makes no attempt to commence an action, or to do anything at all, within the one-year period of c. 197, § 9, may take full advantage of § 10. But a plaintiff who at least "commences" the action within the proper period by filing a complaint, and yet fails to meet the service or notice requirement of § 9, even without culpable neglect, cannot obtain equitable relief under § 10. This result is inexplicable on policy grounds. As the single justice pointed out, the Legislature was not likely to have intended such a result.

We adopt the more sensible interpretation of § 10 proposed by the single justice. A claimant has not "prosecuted" a claim under § 10 unless the claimant has met both requirements of § 9 for timely institution of the action (i.e., filing a complaint and providing notice to the executor as provided in the statute). Therefore claimants who fail to meet either or both of § 9's requirements may avail themselves of § 10. Any statements to the contrary in *Gray*, *supra*, are hereby overruled.

The order of the single justice denying the petition for relief is hereby vacated and the case remanded to the county court for further proceedings consistent with this opinion.

*So ordered.*