Fremont-Smith, J.
This matter was before the Court on September 22, 2000 on cross motions for summary judgment. The defendants, Department of Welfare and Division of Medical Assistance, seek to recover from the estate of John J. Sullivan (“Sullivan”) the cost of medical assistance provided him, whereas the plaintiff seeks a declaration that no amount is owed. For the reasons stated below, plaintiffs motion for summary judgment is ALLOWED and defendant’s cross motion for summary judgment is DENIED.
BACKGROUND
The plaintiff Kristen Dunlea (“Dunlea”) is the administratrix of the estate of her deceased father, John J. Sullivan (“Sullivan”). Dunlea resides in East Bridgewater, Massachusetts, Plymouth County. The defendants are the Department of Public Welfare and the Division of Medical Assistance for the Commonwealth. Prior to July 13, 1993, the Department administered the Medicaid program, when the Legislature transferred this responsibility to the Division (both are hereinafter referred to as “the Division”).
OnApril9, 1992, Sullivan suffered a scalding injury in a bathtub which resulted in severe injury. As a result of this injury, he incurred significant medical bills for treatment, including the eventual amputation of his foot. Due to his lack of health insurance, the Division paid for his medical treatment. In 1993, Sullivan retained the Law Office of Ronald A. Martignetti, which, on May 27, 1993, filed suit against several defendants in Middlesex Superior Court (“the scalding defendants”).[2]
*316 On June 18, 1993 the Division requested information concerning Sullivan’s claims against the scalding defendants. Sullivan completed the Division’s form and submitted it to the Division. In his response, he notified the Division that he had retained legal counsel.
On October 4, 1993 the Division served Notices of Lien on each of the scalding defendants and on Attorney Martignetti, asserting liens under G.L.c. 18, §5G, which then provided:
When any claimant receives payment from a liability or workmen’s compensation insurer or any third party, the claimant shall repay to the department and the division of medical assistant an amount equal to the benefits provided under any program of assistance administered by the department or the division of medical assistance to or on behalf of the claimant . . . but only to the extent that such benefits were provided as a result of the property damage, accident, injury or other loss suffered by the claimant; and the application for and receipt of such benefits shall, after notification has been given to the third party, operate as a lien to secure repayment against monies which may be provided by liability insurance, workmen’s compensation, or any other third party up to the amount of such benefits.
Section 22 also requires a recipient of Medicaid benefits to assign to the Division an amount equal to the benefits from the proceeds of any recovery from a third party.
On May 15, 1997, Sullivan died, with his personal injury lawsuit still pending. In July 1997, Martignetti, who was then also representing Sullivan’s estate, again requested an updated lien from the Department in connection with settlement negotiations regarding the personal injury lawsuit, which was scheduled to go to trial in September 1997.
In August 1997, a petition for administration of Sullivan’s estate was filed in Plymouth Probate Court. Pursuant to G.L.c. 118E, §32(a), the estate forwarded a copy of the probate petition and a copy of the death certificate to the Division via certified mail. The Division did not request any additional information from Dunlea.
On September 16, 1997 the Division issued a Claim Remittance Advice asserting a lien against the estate in the sum of $144,945.21. The decedent’s attorney informed the Division that the parties were negotiating a settlement of the personal injury lawsuit. On September 16, 1997 the Division issued a Conditional Release and Discharge of Liability agreeing to accept $ 100,000 in full satisfaction, if paid within 30 days, based on the proposed settlement of the scalding lawsuit. The estate did not respond to this offer of settlement. On September 18, 1997 the parties in the personal injuiy lawsuit reached a settlement in the amount of $370,000.
On December 22,1997 the Division notified decedent’s counsel that it was filing a Medicaid liens payment claim against the estate, and filed its Notice of Claim in Probate Court. It filed it in Bristol County Probate Court, however, rather than in Plymouth County Probate Court as required by G.L.c. 118E, §32(b)(l). The Notice of claim was for $34,324.60. The Division also notified the estate that it had 60 days to notify the Division if it disputed the claim. In response, the estate pointed out by letter dated February 28, 1998 that the $34,324.60 figure was incorrect, and requested that the Division file corrected papers with “the Bristol Probate Court.”
On June 19, 1998, the estate informed the Division that it “stood ready to reimburse the Division $100,000" upon collection of the anticipated $370,000 settlement. However, the scalding defendants then moved to vacate the $370,000 settlement on the ground that they had not been informed of the death of Sullivan, and the settlement was vacated by a judge of the Superior Court on November 2, 1998.
On June 8, 1999, the personal injury lawsuit against the scalding defendants was finally settled, but for only $155,000, and on June 29, 1999, counsel for the estate notified the Division of its position that the Division had no enforceable claim against the estate because the Division had filed its Notice of Claim in the wrong probate court in contravention of G.L.c. 118E, §32{b)( 1) and had not timely commenced, an action pursuant to G.L.c. 118E, §32(b)(2) and c. 197, §9. On July 26, 1999, the estate filed this lawsuit, seeking a declaration to that effect. The Division bases its opposition to the estate’s motion and its own motion for summary judgment on several different legal and statutory claims, which are discussed below, asserting, inter alia, that its claim was properly filed and was filed within the statute of limitations.
STANDARD OF REVIEW
The court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commission of Correction, 390 Mass. 419 (1983). Accord Massachusetts Bay Transp. Authy. v. Allianz Ins. Corp., 413 Mass. 473 (1992). The moving party bears the burden of demonstrating affirmatively that there is no genuine dispute of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where the party opposing summary judgment carries the burden of proof at trial, and the moving party demonstrates that the opposing party has no reasonable expectation of establishing an essential element of his case, summary judgment is appropriate unless the party opposing the motion sets forth specific facts showing a genuine issue for trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).[3]
G.L.c. 118, §32
There is no dispute that the Division received notice of plaintiff s petition in Plymouth Probate Court seeking appointment as administratrix of her father’s estate. Upon notification of Sullivan’s death, the Division, pursuant to G.L.c. 118E, §32(b), was required to,
*317 present a claim against the decedent’s estate within (1) four months after the approval of the official bond of the executor or administrator, file a written statement of the amount claimed with the registry of probate where the petition was filed and deliver or mail a copy thereof to the executor or administrator. The claim shall be deemed presented upon the filing of the claim in the registry of probate; or within one year after date of death of the decedent, commence an action under the provisions of Section 9 under chapter 197.
G.L.c. 188E, §32(b) (emphasis added).
It is undisputed that the Division did file a timely Notice of Claim in the Bristol Registry of Probate, but the required procedure for filing was with the Plymouth Registry of Probate. An estate is entitled to a directed verdict upon the pleading of the short statute of limitations when a plaintiff suing an estate is unable to sustain his burden of proving that the action was seasonably commenced. Breen v. Burns, 280 Mass. 222,228 (1932); Richards v. Brown, 2 Mass.App.Ct. 880 (1974). Defendants contend that their failure to comply with Section 32 should be excused, because Section 32(d) required the executor to respond to the Notice of Claim within 60 days of its receipt by indicating whether the claim had been disallowed for payment by the estate for any reason, which the estate failed to do. The statutory requirement of Section 32(d) however, is for such a response to be sent by the estate “within 60 days from the date of presentment” of the claim, and presentment was never effectuated in the manner required by §32(b).[4]
The Division argues, in the alternative, that its service of notice on the plaintiff was sufficient to comply with the statute. But the statute specifies that the Division must file the claim with the registry of probate where the petition was filed and deliver or mail a copy thereof to the executor or administrator. The Division’s argument that its partial compliance with the statute is sufficient is incorrect, as the statute clearly requires that both steps be satisfied. Where, as here, a statute’s text is clear and unambiguous, it is to be afforded its plain meaning. Bronstein v. Prudential Ins. Co. of Am., 390 Mass. 701, 704 (1984).
Accordingly, the Division’s failure to present its claim pursuant to G.L.c. 118E, §32 is fatal, unless it properly availed itself of G.L.c. 197, §§9 or 10, discussed below.
G.L.c. 197, §9
The purpose of the G.L.c. 197, §9 short statute of limitations is to expedite settlement of an estate and to protect the substantial interest of creditors and distributees.[5]
[A]n executor or administrator shall not be held to answer to an action by the creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before expiation of such period, the process in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has beenfiled in the proper registry of probate.
G.L.c. 197, §9 (emphasis added).
The Division did not, as required by the statute, serve process of an action against the estate or serve the required notice of suit within one year of Sullivan’s death. The short statute of limitations in c. 197, §9 applies to the Commonwealth when it sues for repayment of medical assistance paid to a deceased under Medicaid. Department of Public Welfare v. Anderson, 377 Mass. 23 (1979). Therefore, the department’s claim is barred by G.L.c. 197, §9 unless it can avail itself of G.L.c. 197, §10.
G.L.c. 197, §10
The defendants argue that, in any event, the Division should be afforded relief under G.L.c. 197, §10 because the Division may file a suit in equity against the estate in the Supreme Judicial Court at any time seeking equitable relief. Claimants who fail to meet either or both of the requirements set forth in G.L.c. 197, §9 for bringing a creditor’s action against an estate (filing complaint and notice to executor within one year) may avail themselves of G.L.c. 197, §10,[6] which allows a creditor to recover by a bill in equity brought in the S. J.C. so long as the creditor is not chargeable with culpable neglect in not timely prosecuting the claim. Tamulevich v. Robie, 426 Mass. 712, 712-14 (1998).
Culpable neglect means neglect arising from a creditor’s own carelessness in not seasonably enforcing a claim. See Haven v. Smith, 250 Mass. 546, 549 (1925). Based on the facts presented, the Court finds that the Division has not sustained its burden of demonstrating that its failure to prosecute an action was not due to culpable neglect. See Parker v. Rich, 297 Mass. 111, 115 (1937) (burden on creditor to establish that action was commenced timely).
The Division contends that its delay in filing a claim within the period of the statute of limitations was not culpable because it was awaiting an anticipated settlement of the scalding personal injuiy lawsuit. However, it is settled that one who delays while awaiting an anticipated favorable outcome in a pending proceeding while knowing that the short statute of limitations is running against him, is not entitled to maintain abill under G.L.c. 197, §10, in the event that such proceeding results in an unfavorable outcome. Monaghan v. Monaghan, 323 Mass. 96, 97-98 (1948).
The defendants argue that there was an affirmative duty of the plaintiff to notify the Division that it had filed in the incorrect probate court, because the estate was in a fiduciary relationship to the Division. The provisions of G.L.c. 118E, §22, however, while they do create a statutory right of recovery to the Division, do not create a fiduciary relationship, and the Division fails to cite any case in support of that contention. The *318 plaintiff, moreover, did inform the Division of the correct probate court by forwarding a copy of the petition for probate. And, as noted, lacking proper presentment by the Division of its claim, the estate was not required to respond to the claim under G.L.c. 118E, §32(d). The Division further suggests that the plaintiffs failure to rectify and/or notify the Division of the improper filing constituted a waiver by the plaintiff in regard to the Division’s claim. The plaintiff, however, could not waive a claim it did not possess.
The Division further argues that the estate acknowledged its liability via plaintiffs counsel’s letter, wherein counsel stated that the estate stood ready to reimburse the Division $100,000 upon receipt of the settlement. However, an executor has no power to bind an estate by any promise or representation to a creditor so as to waive the short statute of limitations, and a creditor dealing with an estate is presumed to know this. Nochemson v. Aronson, 279 Mass. 278, 281-82 (1932). Therefore, the Division relied on an anticipated, prompt settlement in the scalding personal injury suit at its own risk, and is chargeable with culpable neglect for doing so.
G.L.c. 197, §13
Finally, the Division argues it has a cause of action against the estate pursuant to G.L.c. 197, §13, which provides:
[a] creditor of the deceased, whose right of action shall not accrue within one year of the death of the deceased, may present his claim to the probate court at any time before the estate is fully administered: and if, upon examination thereof, the court shall find such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same but if a person interested in the estate offers to give bond to the alleged creditor with sufficient surety or sureties for the payment of his claim if it is proved to be due, the court may order such bond to be taken instead of requiring assets to be retained as aforesaid.
G.L.c. 197, §13. (Emphasis added.)
The Division argues that the February and June 1998 letters of plaintiffs counsel, which indicated that the estate would pay $100,000 on receipt of the anticipated settlement, bound the estate to the Division for such payment, because the letters constituted an agreement with the Division, so that the plaintiffs June 1999 letter denying liability constituted a breach of such agreement which did not occur (or “accrue”), within one year of Sullivan’s death.[7] Accordingly, it argues, the Division’s claim is “justly due” under G.L.c. 197, §13. As stated above, however, an executor has no power to bind an estate by way of a promise or representation to a creditor so as to waive the statute of limitations, and a creditor is presumed to know of this rule. Nochemson v. Aronson, supra. Accordingly, there was no enforceable agreement which was breached more than a year after Sullivan’s death.
G.L.c. 118, §44
G.L.c. 118E, §44 authorizes the Attorney General or a district attorney to bring a civil action against any person who violates the provisions of G.L.c. 118E within six years of the Division’s discovery of the violation. Not only is the Attorney General or a district attorney not a party to this lawsuit, however, but G.L.c. 118E provides for repayment by the recipient or by the estate only if a “person violates the provisions of this chapter.” As the Division is barred, under the circumstances, from recovery of the benefits paid to Sullivan, the estate is not in violation of the provisions of this chapter by refusing to repay.
ORDER
For the forgoing reasons, the plaintiffs Motion for Summary Judgment is ALLOWED and the defendant’s Motion for Summary Judgment is DENIED. Final judgment shall enter in favor of the plaintiff, and against the defendants.

The defendants were: (1) Massachusetts Electric Co., (2) Cranney Electric, (3) Margo Hempe, (4) Melrose Place Condominium Trust, and (5) H.H. Gilbert Management Co., Inc. (collectively “the scalding defendants”).

 G.L.c. 118E, §32.

 Section 32(d) requires that an executor mail such a notice within 60 days “from the date of presentment,” whereas section 32(b) indicates that the claims “shall be deemed presented upon the filing of the claim in the registry of probate": previously specified as the “registry of probate where the petition was filed.”

 See Department of Public Welfare v. Anderson, 377 Mass. 23 (1979); Stebbins v. Scott, 172 Mass. 356 (1899); Doyle v. Moylan, 141 F.Sup. 95 (1956).

 G.L.c. 197, §10 provides “If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person, provided forthwith upon the filing of the bill a notice such as provided in section nine has been filed in the proper registry of probate; but such judgment shall not affect any payment or distribution made before the filing of such bill and notice.” G.L.c. 197, §10 (emphasis added).

 The promise to pay $100,000 was clearly in anticipation of the estate’s receipt of a $370,000 settlement, which subsequently fell through. The Division does not contend that it comprised an intentional misrepresentation of what the estate’s intention was at that time. Nor is there any contention or indication in the record that the estate's February 28, 1998 letter, which requested that the Division file a corrected claim in the “Bristol County Probate Court," was intentionally misleading.